BAUM ET AL., PLAINTIFFS IN ERROR, v. HOLTON ET AL., DEFENDANTS IN ERROR.

1. CAVEAT EMPTOR.

As between buyer and seller, statements of value by the former ought not to be taken as trustworthy by the latter, and the law will not help a purchaser who accepts exaggerated or false statements of value made by a vendor; but this rule does not hold good where a confidential relation exists between the parties, or where one of the parties professes to have special knowledge of the value of the property, and of which, the other, being ignorant, to the knowledge of the former, trusts to his good faith. In these cases the representations of the value may be treated as representations of fact.

2. SAME.

The rule of caveat emptor cannot be invoked by one who, for the purposes of fraud, has cunningly insinuated himself into the confidence of another, because that other, disarmed by his craft, has failed to exercise such precaution as might have exposed the falsehood and protected him against it.

*Error to the District Court of Pueblo County.*

Mr. J. E. RIZER, for plaintiffs in error.

Messrs. URMY & McCORKLE, for defendants in error.

THOMSON, J., delivered the opinion of the court.

Plaintiffs in error were plaintiffs below. The defendant Price did not appear to the suit. The defendant Holton de-

murred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and final judgment given against the plaintiffs, who bring the case here for review.

While we cannot commend the complaint as a model of pleading, we think it contains enough to require the defendant Holton to answer. No cause of action is stated against Price, but he made default, and the objection of misjoinder of parties defendant was not taken below. Judgment was rendered on Holton's demurrer, and we shall examine the statements in the complaint only as they affect him. Separating the material from the immaterial allegations, and arranging the former in logical order, we find substantially the following narrative of facts: that on the 31st day of March, 1890, the plaintiffs were the owners of certain real estate in the East Pueblo Addition to the city of Pueblo, of the value of $1,200 ; that shortly before that time, the defendant, Holton, came to them with a proposition to exchange their property for a stock ranch in Pueblo county, which he represented as belonging to one Utt, stating that he was desirous of assisting them in making some money ; that he represented to them that he was personally familiar with the ranch, had frequently inspected it, and knew its value, which was $2,500 ; and that he could sell it for that sum ; that the plaintiffs then agreed with him that if he would find a purchaser for the ranch at that price they would make the exchange proposed; that on the 30th day of March, 1890, Holton brought to them a man, with whom plaintiffs were unacquainted, but whom he represented as desirous of purchasing the ranch, and as being a man whom he personally knew to be reliable and responsible; that this supposed purchaser then agreed with plaintiffs to take the ranch for $2,500 ; and that they thereupon exchanged their property for the ranch. The complaint further alleges in substance that all of the foregoing representations by Holton were false; that the ranch was not worth to exceed $1,000, and had an incumbrance upon it of $950 ; that the pretended purchaser

produced by him never fulfilled his agreement to purchase the ranch, and was not a purchaser in good faith, or reliable or responsible, but was a confederate of Holton in his scheme to procure plaintiffs' property in exchange for the ranch; that the real owner of the ranch was not Utt, but Holton himself, who reaped the benefits of the transaction; that Holton knew when he made the representations that they were false, and made them for the purpose of deceiving the plaintiffs, and inducing them into the trade, and thereby defrauding them; that plaintiffs relied wholly upon his representations, and were induced by them to make the exchange. The complaint demands damages for the wrong.

It is objected to these allegations that the representation of Holton as to the value of the ranch was only the expression of an opinion, upon which the plaintiffs had no right to rely; that it does not appear that the property was out of the reach of the plaintiffs so that they could not inspect it before making the exchange, or that any artifice was used by Holton to prevent an inspection, and that, therefore, in relying upon this representation, and in making no examination for themselves, they were guilty of negligence which precludes a recovery. Counsel also charge them with negligence in not making a binding contract with the purchaser produced by Holton, and argue that by failing to do this, and being therefore unable to compel the purchaser to take the property and pay the price, they have no ground of complaint against Holton on account of the purchaser's dereliction. It is no doubt true that as between seller and buyer, statements of value by the former ought not to be taken as trustworthy by the latter, and that the law will not help a purchaser who accepts exaggerated or false statements of value made by a vendor; but this rule does not hold good where a confidential relation exists between the parties; or where one of the parties professes to have special knowledge of the value of the property, and of which the other, being ignorant, to the knowledge of the former, trusts to his good faith. In both of these cases representations of value may be treated as representations of

fact.  *Cheney v. Gleason*, 125 Mass. 166; *Simar v. Canaday*, 53 N. Y. 298, 306; *Griffin v. Farrier*, 32 Minn. 474.

The demurrer admits the allegations of the complaint; and, accepting them as true, Holton did not approach the plaintiffs in the capacity of vendor.   On the contrary he offered his services as a disinterested party to assist them in disposing of their property to advantage, and, by means of the representations made by him in this assumed character, he acquired their confidence.   He claimed special knowledge of the value of the ranch property, by virtue of his familiarity with it; and, to entirely disarm suspicion, he brought forward a person to purchase it at the price he had named.   By such means he succeeded in inducing the plaintiffs to trust him completely.   The character which he assumed, and his representation of the value of the ranch, were false; and the pretended purchaser was a decoy.   His several statements, and the production of the spurious purchaser, were all parts of one general plan to inveigle the plaintiffs into a transaction prejudicial to them, and from which he would be the only gainer.   In the face of such a state of facts it is idle to charge the plaintiffs with negligence in not inspecting the ranch property, and in not binding the supposititious purchaser by a contract which they could enforce.   Deceived by Holton's arts and devices, they were relying upon him, and he knew it; and it would hardly comport with justice to permit him to say that they ought not to have trusted him.   The rule of *caveat emptor* cannot be invoked by one who, for purposes of fraud, has cunningly insinuated himself into the confidence of another, because that other, disarmed by his craft, has failed to exercise such precaution as might have exposed the falsehood and protected him against it.   *Jackson v. Collins*, 39 Mich. 557; *Hale v. Philbrick*, 42 Iowa, 81.

The complaint is certainly not a well constructed document.   Much of it might have been stricken out on motion; and a motion to make its material parts more definite and certain might have been sustained.   But it was attacked by general demurrer, which went to the whole complaint; and,

as that contains enough, if true, to entitle the plaintiffs to redress, it was error to sustain the demurrer.

The judgment is reversed.

*Reversed.*