Bissell, J.,
delivered the opinion of the court.
The plaintiff’s claim may be burdened with equities, and the affirmance of the judgment may result in permitting the defendants to recover an unrighteous claim, but we are unable to find in the complaint a statement of a cause of action which the plaintiff can maintain. The complaint does not state a case within any known form of equitable procedure. It is difficult to assign the action to any place in the scope of equitable practice. A judgment which has been fraudulently obtained, or which, by reason of circumstances arising subsequent to the entry, should not be permitted to stand, can always be set aside on a proper bill. Under the ancient practice this was done by filing a bill of review, or a supplemental bill in the nature of a bill of review, wherein the matters which entitled the party to relief were fully set up. Under that practice it was always essential to set out the judgment which was to be vacated, the history of the proceedings, and the final entry. These particulars were required to be stated with great accuracy and detail, that the decree might accurately describe the judgment and conclude the rights of all parties interested. The present complaint is manifestly deficient in this respect, because there is no statement of the judgment, the entry, or the history of the allowance of the •claim as filed, the proof on which it was entered, or any mat-, ter which would enable this court to determine whether the county court had made an order of allowance which under the statute would have the force and effect of a judgment. This, of course, is a defect which wculd be remediable by *182 amendment, and it is barely possible the demurrer did not attack the complaint on this ground, but since such allegations are always essential to the statement of a cause of action, it could be reached perhaps by a general demurrer. Back of all this, however, there is a fundamental difficulty which discloses the plaintiff is without the right to sue. There is an absolute failure to state representations which, if untrue, would constitute a cause of action. We are not advised by the complaint that Bradley made any statements to Bennet, which were communicated to the administratrix, or any statements at all to him, which amount to representations of matters of fact on which the parties* had a right to rely and by which their action should have been controlled. The only thing averred is a statement by Bradley that he had information that Perot’s claim had been paid. This is in reality the only fraudulent statement set up in the complaint and on which the suit is based. We are referred to no case which would make a representation of that sort a statement of fact which, if untrue, would give rise to a cause of action. When one states to an attorney that he has information a claim has been paid, which be will furnish, providing he is permitted to file a claim against an estate and have it allowed, he states no fact on which the attorney or the administratrix has a right to rely. A general statement that one has information is not a statement of a fact on which a party may act.’ As we understand the law of false and fraudulent representations, they must be in substance statements of matters of fact of a nature calculated to deceive the person to whom they are made and induce him to alter his conduct.. As put, the representation was simply Bradley’s opinion that he had information of that description. It is not averred he communicated what his information was, or communicated any facts concerning the matter which would induce a prudent person to rely on the information furnished and to act on it. It may be quite true Bradley stated he had information, and likewise true that he ultimately refused to communicate that knowledge. On the other hand, it may be equally true that *183 Bradley was of the opinion he had information that the claim-had been paid, and the information not be of the sort which could have been made a matter of testimony or proof in the litigation between the estate and Perot. Bradley should have been compelled, if the parties desired to rely on his rep-, resentations, to state what that information- was, the facts in. his possession, the proof which he could make respecting it. Had this been done, it is possible the parties would have been entitled to rely on those statements if it is assumed the information took the form of a naz-ration of facts which were susceptible of proof, and which could have been made the subject-matter of legitimate testimony ozr the trial of the case between the estate azzd Perot. It is not evezy misrepresent tation which can be made the basis of an action because of its fraudulent character. Baum v. Holton, 4 Colo. App. 406; Beard et al. v. Bliley, 3 Colo. App. 479; Bigelow on Frauds, page 473.
The matter is somewhat difficult to analyze and equally difficult to state, because the representation is of such an indefinite and unusual character that the books furnish no-exact precedents. It is, however, plain to the legal mind the parties had zio right to rely on Bradley’s statement that he had information, and act on it to the prejudice of the estate, without compelling him to state, what it was, that therefrom it might be determined whether his claim of knowledge was of value and whether the facts which he claimed to possess were susceptible of proof if they could be sustained, and whether’ they could become evidence in the litigation in which they were to be used. If this was not done, mazzifestly it was their own folly which led them to rely on this general declaration and permit the claim to go to proof and judgment without a contest. We are vezy clearly of the opinion the representations set up in the pleading cannot be made the basis of a cause of action to set aside the judgment.
We are equally clear the complaint fails to show any defense to the claim which was allowed by the county court. The contract on which the claim is said to have been based undoubt *184 edly in its terms provided for a payment of $5,000 to Bradley, both by the promissory note at the end of it, and by the agreement contained in the body of it, providing there had been performance by Bradley of his part of the contract, and a sale was made of an interest in the Land Company to the Midland Railroad Company. We cannot exactly see how the provision which the contract contains respecting the ultimate disposition of the money by Bradley would constitute any defense to the claim. The payment was not conditioned on performance, and it may be Bradley had a good claim,against the estate, whatever .right of action the estate may have ultimately have had against him for a failure to perform the conditions subsequent. It is not at all certain there was any defense to his claim, if it rested solely on the contract. About this, however, we express no definite opinion, because there is no allegation that this was the basis on which it rested, nor are we advised by the pleading that the allowance was based solely on the contract produced. If the plaintiff rested his right to set aside the judgment because it was not a claim against the estate, he was bound to show both elements of his case to be true. He was undoubtedly obligated to establish false statements made by Bradlej-, which were representations on which he had a right to rely; and, further, that the judgment was not supported by adequate proof, and that in reality there was no cause of action against the estate. The pleading does not go far enough in its statements as to the-invalidity of Bradley’s claim to fulfill the pleader’s duty in the latter particulars, whatever might be our conclusions respecting the first.
We therefore conclude the demurrer to the complaint was properly sustained, and that final judgment must be entered against the plaintiff in error. The judgment is affirmed.

Affirmed.