Thomson, J.
The complaint alleged the incorporation of the Colorado Shredded Wheat Company, and the assignment by it, on the 17th day of December, 1896, of all its property to the plaintiff, E. Salisbury Smith, for the benefit of its creditors. The complaint further alleged the employment, on the 11th day *54 of January, 1896, by the company, of the defendant, R. C. Cornett, as its general manager, at a salary of $15.00 per week — to be taken by him from the earnings of the company — and his continuance in the employment at that salary until the 9th day of December, 1896; and averred that between those dates he took out of the earnings, in excess of his salary, the sum of $183.48, for which he refused, on demand, to account. The defendant filed an answer, to which the plaintiff demurred for insufficiency. The plaintiff at the same time made replication to the answer, specifically denying its averments. Afterwards, the plaintiff moved the court for judgment on the pleadings. The motion being sustained, the defendant asked, and was denied, leave to amend his answer. From the judgment entered in favor of the plaintiff, the defendant appeals.
The motion for judgment was based on the supposed insufficiency of the answer. The argument here is simply an argument of the demurrer, and the ruling upon the motion amounts only to a sustaining of the demurrer. After a demurrer has been sustained, the unsuccessful party has the right to amend, upon terms, and within a time, to be fixed by the court (Code section 74), and we do not think the right of amendment can be cut off by changing the form of the objection from a demurrer to a motion for judgment on the pleadings. Having sustained the motion, the court should have granted leave to amend. See Harris v. Harris, 9 Colo. App. 211.
But we do not think the answer was so seriously defective as to warrant the judgment. It is true that its attempt to put in issue the assignment to the plaintiff was a failure. It is also true that it is crowded with a multitude of averments which could have no bearing upon any possible question in the case. But in the voluminous mass of irrelevant and useless matter, we find some statements, loose and slipshod in form and arrangement, but nevertheless there, upon which a defense to the action might be predicated. By culling these from the confusion, and putting them together in *55 something like regular order, the following state of facts is made to appear: A corporation, called the Cereal Machine Company, was the owner of certain patented machines and appliances necessary for carrying on the business of the Shredded Wheat Company, and which it granted to the latter company a license to use; in consequence of some disagreement between the two companies, the license was revoked on the 1st day of January, 1896, and the cereal company thereupon took possession of its machines and appliances; the Shredded Wheat Company then suspended ■ business ; on the 6th day of January, 1896, the cereal company granted to the defendant a license to use its machines and appliances in a business to be conducted by himself, for his own personal benefit; the defendant, by its president, then entered into an arrangement with the defendant, whereby, for the purposes of his business, he should have the use of its factory, in consideration that he would, from time to time, pay enough to its creditors to prevent them from commencing legal proceedings against it; in pursuance of this arrangement, he commenced and conducted the business for himself, and, although he used the name of the Shredded Wheat Company, he was in the absolute control of the business, and subject to no direction from that company or its officers, and in pursuance of his agreement, he paid upon its debts about the sum of $500. The period during which he says he was managing the business for himself, and the period during which the plaintiff says he was managing it for the wheat company, are the same. Now, if his statements are true, he was not in the employ of the wheat company; he was entitled to no salary from it, and he was under no obligation to it, except to make payments on its debts. This presentation is inconsistent with an employment by the wheat company, and amounts to a denial of such employment.
No matter how much superfluous matter a pleading may contain, or how rambling or disconnected it may be, if enough can be found in it to sustain a judgment in favor of the party offering it, it is error to disregard it. Rice v. Bush, 16 Colo. *56 484; Baum v. Holton, 4 Colo. App. 406. The answer here is sadly in need of reconstruction, but there is enough in it to make it good as against a general demurrer, or this motion for judgment.
The judgment will be reversed and remanded, with leave to the defendant to amend his answer.

Reversed.