No. 8948.

WESTERN SLOPE FRUIT GROWERS' ASSOCIATION *v.* DEVINE.

1. CONTRACTS—*Construed.* Defendant executed his promissory note to plaintiff, agreeing therein to ship all fruit raised by him through the Association until his indebtedness was paid, and authorizing the Association to deduct from the net returns from the fruit, an amount sufficient to pay the note. *Held* no privi-

lege reserved to defendant but a provision for the benefit of the Association, and one which the Association might waive.

2. —— *Defenses.* The note being given for stock in the Association, that the stock is not of the value anticipated by defendant is no defense to an action upon the note, no fraud being charged or proven, and no claim being made of any direct damage suffered by defendant, by reason of any act or omission of the Association.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*
*Department.*

Messrs. WHEELER & WEISER, for plaintiff in error.

Messrs. McMULLIN & STERNBERG, for defendant in error.

Opinion by Mr. Justice Teller.

The plaintiff in error brought suit against the defendant in error on a promissory note, and the defendant had judgment.

The defense was (a) that the note was without consideration; (b) that the consideration was the right to ship all fruit grown by defendant through the plaintiff association, until the note should be paid, and that the plaintiff failed and refused so to ship defendant's fruit; (c) that the note was given solely to be used as collateral to plaintiff's note which had been paid before this suit was brought; and (d) that said association was formed for the purpose of aiding fruit growers, who were shareholders, to market their fruit profitably; that, induced by a statement of one Boals, a director, that stock in said association, subscribed by the defendant, would be paid for by the sale of his fruit, and that it was desired to have defendant's note, to the amount of his indebtedness for stock, to be used as collateral by the association, he signed said note, in the sum of $720, the amount he was to pay for the stock for which he subscribed; that the plaintiff did not have adequate facilities for handling and shipping fruit, and that defendant notified plaintiff that he would discontinue shipping through it; and that defendant shortly thereafter

discovered that plaintiff shipped fruit for persons who were not stockholders therein.

The real defense is the one last above set out, and it involves a construction of the note which reads as follows:

"$720.00.                    Palisade, Colorado, Feb. 9th, 1911.

On or before eight months after date, for value received I promise to pay to the order of The Western Slope Fruit Growers' Association, a corporation, Seven Hundred and Twenty and No/100 Dollars, at the office of the said The Western Slope Fruit Growers' Association, in the town of Palisade, Colorado, with interest at the rate of ten per cent. per annum until paid, interest payable annually; and having deposited with said Association, as collateral security for the payment of this debt of the undersigned to said Association, 48 shares of the capital stock of the said the Western Slope Fruit Growers' Association, owned by me, I hereby agree with said Association to ship all fruit grown by me through said Association until this indebtedness is paid, and authorize said Association out of the net returns to me for the sale of said fruit, to deduct an amount sufficient to pay this note and interest thereon; and I hereby authorize said Association, by its agents and attorneys, upon default in the payment of this note and interest thereon, to sell said collateral securities of any part thereof, at public or private sale, at the option of said Association, and without notice of intention to sell or the time or place of sale and without demand, for payment of this note; and the undersigned hereby further authorizes said Association after deducting the expense of such sale, including reasonable attorney's fees, to apply the net proceeds to this debt; and, in case of deficiency after any sale of said collateral, the undersigned agrees to pay to said Association, forthwith the amount of such deficiency, with interest at the above-mentioned rate; it is further agreed that at any sale of said collateral, said Association may become a purchaser thereof and hold the same in its own right, absolutely free and clear of any claim of the undersigned; it is further agreed that said Association shall have the right

to pledge this note with the collateral covered by the same, as security for any debt owing by said Association. This note may be paid in cash at any time.

Dr. J. H. Divine."

The defendant testified that he interlined at the end of the note the sentence: "This note may be paid in cash at any time." This he did, as said, because he expected some money soon and did not wish to pay the ten per cent interest specified in the note.

In September the defendant formally notified the Association that he would not take the stock, for the reason that the by-laws had been disregarded, and fruit shipped for non-shareholders.

The contention of defendant in error is that by the terms of the note he had an option to pay the note in cash, or by the net returns of his shipments through the association; and that when the plaintiff failed to receive his fruit for shipment,—as he says it did on three occasions—he was released from his obligation on the note.

We cannot so construe the note, and defendant's testimony shows that he did not originally so construe it. In it the defendant agrees to ship all the fruit raised by him through the association until his indebtedness was paid, by applying the net returns thereof to such payment. This is clearly for the benefit of the association, and is in no sense a privilege to ship through the association all the fruit grown by him, and *authorizes* it to apply the net returns to his debt.

It is a right granted by defendant to the association, and not one by it to him. It could waive this privilege and rely on its ability to collect the note without the security of his shipments. Whatever may have been defendant's rights as a stockholder to have his fruit handled by the association, there is no condition in the note that it will be so handled. The promise to pay is absolute, the stock is retained as collateral security, and provisions made for its sale in case the note is not paid.

The sentence interlined gave defendant no right which

he did not already have, except to pay the note before its maturity.

The evidence wholly fails to support the defense that the note was without consideration, or given as an accomodation. The defendant's own testimony proves that it was given to evidence his indebtedness for the stock for which he subscribed. That the stock, because of the matters of which the defendant complains, is not of the value to him which he expected it to be, is immaterial to this case, there being no fraud charged or proved.

It may be observed, also, that defendant makes no claim that he has been directly damaged by anything done or omitted to be done by the association.

Waiving the question of the admissibility of parol evidence concerning the giving of the note, and giving the evidence full consideration, it is evident that there was no agreement by which the terms of the note were changed. Under these circumstances the right to recover was clear, and the overruling of the plaintiff's motion for a directed verdict was error.

The judgment is therefore reversed, and the cause remanded for further proceedings in harmony with the views above expressed.

Chief Justice Hill and Mr. Justice White concur.

Decided February 4, A. D. 1918. Rehearing denied June 3, A. D. 1918.