No. 9788.

DEVINE *v.* THE WESTERN SLOPE FRUIT GROWERS ASSOCIATION.

Decided March 7, 1921.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Law of the Case.* Where the appellate court on review announces that judgment should have been for the plaintiff, and remands the case with directions, it is the duty of the trial court to enter judgment accordingly.

2. PLEADINGS—*Amendments.* Where, after a case has been before the appellate·court for review and remanded with directions, the defendant asked leave to file amended and supplemental answers which contained in modified form, only defenses which had been previously urged, permission to file was properly refused.

3. TRIAL—*New Theory.* A defendant should not be permitted, on re-trial of a case, to abandon his original theory and change to one which is utterly inconsistent therewith, and which he at-tempts to present by amended and supplemental answers nine years after the commencement of the action.

4. PLEADINGS—*Amendments.* Where amendments asked are in the interests of justice, courts should be liberal in allowing them; but where the effect of an amendment is to interpose a purely legal obstruction to the enforcement of a just demand, the party making the application should be allowed only what the letter of the law gives him.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. WILLIAM H. GABBERT, Messrs. MCMULLIN & STERN-BERG, for plaintiff in error.

Mr. S. N. WHEELER, Mr. S. HARRISON WHITE, for defend-ant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS suit has now been before our courts for more than nine years. It was begun in the County Court of Mesa County, appealed to the District Court, thence to the Court of Appeals, retried and brought to this court, where the judgment was again reversed and remanded. Defendant then offered for filing a third amended answer, and three so-called supplemental answers. The court denied leave to file these, and rendered judgment for plaintiff. That judg-ment is now here for review. The parties are here referred to as in the trial court.

The action is based upon a promissory note given by de-fendant for shares of stock in the plaintiff company. The

original defenses were, in substance, first, that the note was without consideration; second, that the assumed consideration was the right to ship all fruit grown by defendant through the association, until profits should pay the note, that the association was unable, and had failed and refused, to handle his fruit; third, that the note was in fact an accommdation note, to be used as collateral to a company note, which note had been paid before the commencement of the action; and fourth, that the association was a mutual association of fruit growers to secure profitable marketing of their fruit, and that defendant was induced to sign the note by the statements of one of its directors that the shares would be paid for out of profits; further, that plaintiff lacked adequate facilities for handling fruit, for which reason defendant notified the association he would discontinue shipments. Also, that contrary to agreement plaintiff shipped fruit for persons not members.

After a second trial in the District Court upon these issues, plaintiff moved for a directed verdict, which was denied, and defendant had judgment. The case was then brought here for review. This court, in *Western Ass'n v. Divine*, 64 Colo. 523, 173 Pac. 426, reversed that judgment, declaring among other things, the following:

"The evidence wholly fails to support the defense that the note was without consideration, or given as an accommodation. The defendant's own testimony proves that it was given to evidence his indebtedness for the stock for which he subscribed. That the stock, because of the matters of which defendant complains, is not of the value to him which he expected it to be, is immaterial to this case, there being no fraud charged or proved.

"It may be observed, also, that defendant makes no claim that he has been directly damaged by anything done or omitted to be done by the association.

"Waiving the question of the admissibility of parol evidence concerning the giving of the note, and giving the evidence full consideration, it is evident that there was no agreement by which the terms of the note were changed.

Under these circumstances the right to recover was clear, and the overruling of the plaintiff's motion for a directed verdict was error.

"The judgment is therefore reversed, and the cause remanded for further proceedings in harmony with the views above expressed."

Upon that opinion, it was plainly then and there the duty of the District Court to have entered judgment for plaintiff. Still contesting, however, the defendant almost a year after *remittitur* was transmitted, tendered for filing the pleadings above mentioned. The defenses therein set up were in the main that the association had passed a by-law, without the knowledge of defendant, to the effect that only stockholders who shipped fruit could participate in profits. Defendant also prayed an accounting and on behalf of himself and other stockholders similarly situated, moved the appointment of a receiver, as the association had departed, as was alleged, from its original purpose, and was being conducted in the interests of a few only of its members. Also vague, indefinite and wholly insufficient allegations of misrepresentations and fraud in procuring his signature to the note were injected.

A careful reading of the record shows that these defenses are mere repetitions in modified form of those previously urged. They have appeared in substance, from time to time, in different guises, since the beginning of the litigation. The only allegations which even tend to offer new matter are that the note was procured by misrepresentation. There are, however, no sufficiently specific allegations of fraud to warrant the introduction of testimony. Beside, the alleged new matter in this behalf, is practically the same considered in *Western Ass'n v. Divine, supra.* It having already been determined there to constitute no defense defendant should not now be permitted to re-offer it, in modified form. *Hurd v. Smith,* 5 Colo. 233, and *Heaton v. Myers,* 4 Colo. 59.

Furthermore, some of the proposed amendments constitute an abandonment of defendant's original theory of the

case, and offer new alleged defensive matter based upon facts which, upon the testimony of defendant himself, at all times must have been within his knowledge. Moreover, it is now sought by these proposed amendments to change the original defense to an utterly inconsistent one. In short, there is now, for the first time, offered an equitable defense, which, if ever available, was as much so at the commencement of the litigation as at this untimely and belated day. Originally the defendant denied ownership of the stock and liability on the note, but now seeks an accounting and to have the company thrown into a receivership. To give to such inconsistent, unreasonable and conflicting contentions real judicial consideration requires patience far beyond the ordinary.

The court was right in declining the amendments. This conclusion has the support of many well considered authorities. In *Consolidated Juchem Ditch Company v. Old*, 62 Colo. 470, (163 Pac. 78, 80) the court on this subject, held as follows, at page 476:

"It is urged that the court erred in overruling the application of defendant to file an amended answer. The answer in this case was filed on the 25th day of January, 1914, or nearly seven years subsequent to the filing of the answer. It was said by this court in *Richner v. Plateau Co.*, 44 Colo. 302, 98 Pac. 178: 'The matter of permitting the answer to be amended rested within the sound discretion of the court to whom the application was made, and in view of the fact that the complaint had been filed in February, 1902, and the answer filed in September, 1903, more than a year and a half after the filing of the complaint and about six months before the cause came on for trial, and that the granting of the application would have made an entirely different issue from that which the plaintiff had presented in its testimony, and one which it was not then prepared to meet, the court committed no error in overruling the application.' "

It is to be noted that in the case at bar the proposed amendments were proffered approximately nine years after the commencement of the action, and within three weeks

of the beginning of the term at which the case was to be tried.    In *People, ex rel. v. Barton,* 4 Colo. App. 455, 36 Pac. 299, on the question of allowance of amendments this is said at page 456:

"Where amendments asked are in the interests of justice, courts should be liberal in allowing them; but where the effect of an amendment is to interpose a purely legal obstruction to the enforcement of a just demand, the party making the application should be allowed only what the letter of the law gives him."

And in *Weldon, et al. v. Bodley,* 14 Pet. (U. S.) 400, in speaking to the same question, the Supreme Court of the United States says:

"There are cases where amendments are permitted at any stage of the progress of the case; as where an essential party has been omitted; but amendments which change the character of the bill or answer, so as to make substantially a new case, should rarely, if ever, be admitted after the cause has been set for hearing, much less after it has been heard."

The case at bar had been heard five times and determined twice in courts of last resort, before defendant proposed the amendments under consideration.    The matters therein contained were in substantial effect involved, considered and determined in *Western Ass'n v. Divine, supra,* and held to be in law no defense.    The judgment in favor of plaintiff on the note is right and should be and is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.