## No. 10,384.

## THE ALAMO HOTEL AND GARAGE CO. *v.* THE TOLEDO SCALE CO.

Decided July 3, 1922.

Action for the purchase price of goods sold and delivered.   Judgment for plaintiff.

## *Affirmed.*

### On Application for Supersedeas.

1. CONTRACT—*Performance.* A contract provided for the sale and purchase of scales specifically described. The article delivered corresponded in every respect with the description, except only the serial number. Held, that this discrepancy was immaterial, and afforded no legal ground for the refusal of the purchaser to comply with the contract.

2. PLEADING—*Estoppel—Evidence.* Pleading and evidence reviewed, and held, that a plea of estoppel was in good form, and sustained by the uncontradicted evidence.

3. APPEAL AND ERROR—*Rulings of Trial Court.* Rulings of the trial court, clearly supported by evidence, will not be disturbed on review.

4. PRINCIPAL AND AGENT—*Authority of Agent.* Evidence to support an alleged counterclaim based on indebtedness contracted by an agent, was properly excluded, where there was no showing that the agent was authorized to incur such indebtedness.

5. EVIDENCE—*Conclusion of Witness—Harmless Error.* While the question: "State if you know how much is now due and owing to the plaintiff from the defendant and for what?", and the answer thereto, might be technically improper, under the facts disclosed, the error is held to be harmless.

6. DEPOSITION—*Notice—Service.* Under the provisions of section 414, code 1908, service on the attorney of record for the opposing party, of notice of application to take depositions, held sufficient, notwithstanding code section 383 provides for service of notice on "the other party."

7. VERDICT—*Directed.* Where there was no evidence to support a counter-claim or pleaded defense, it was proper for the court to direct a verdict for plaintiff.

8. PLEADING—*Amendment.* Amendments in the furtherance of justice are always looked upon with favor, and in the case under consideration it is held there was no error in permitting plaintiff to amend his reply at the close of the trial, by adding a plea of estoppel.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. ORR & LITTLE, for plaintiff in error.

Mr. W. M. SWIFT, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant in error, The Toledo Scale Company, was plaintiff below, and The Alamo Hotel and Garage Company, plaintiff in error, was defendant. The parties are designated here as there.

The plaintiff scale company brought this action against the defendant to recover the sum of $310.00, the agreed purchase price of certain scales which the defendant ordered and plaintiff delivered. The defendant in its answer denied the material allegations of the complaint and, as separate defenses, pleaded: (a) That the scales ordered by the defendant were different from those set out in the complaint; (b) That the scales delivered by the plaintiff were not the scales ordered by defendant, but were scales sent for its temporary use until the scales ordered by defendant were received; (c) That the scales ordered by the defendant have never been delivered.

Defendant also filed a counterclaim or cross-complaint against plaintiff in the sum of $124.82 for board and room of plaintiff's agent at the defendant's hotel, and for storage, repairs and supplies which the defendant from its garage furnished the plaintiff's agent under an agreement with

him that such indebtedness was to be credited on the price of the scales. The new matter of the answer was denied in plaintiff's replication. At the close of the evidence the plaintiff asked, and the court granted its application, for judgment in plaintiff's favor, for the amount of the purchase price and interest. The defendant is here with his application for a *supersedeas*.

Errors assigned and argued are: 1. The contract was not complied with by plaintiff. 2. Error in admitting incompetent evidence over defendant's objection. 3. In overruling defendant's motion to suppress depositions of two witnesses for plaintiff, Peele and Zolg. 4. In granting plaintiff's motion for directed verdict in its favor. 5. In refusing permission to the defendant to offer any evidence under its counterclaim. 6. In permitting plaintiff to amend its replication, thereby introducing a new defense. These in their order:

1. The defendant, by its president, entered into a written agreement with plaintiff, on its customary blank sale orders, for the purchase of a scales specifically described. The proof shows, without any contradiction, that the scales as ordered, in the written agreement, corresponded in description in every respect with the scales received, except only as to the serial number thereof. Upon the trial the defendant's president admitted that the only discrepancy between the scales ordered and those received by the defendant, is that the serial number of the scales delivered is "811-T" instead of "811-N" as described in the contract of sale. As the defendant made no use of the scales after they were delivered, he knew of no other objection to them, except that they had been used for sometime before they were shipped.

It is doubtful, in the absence of any evidence to the contrary, of which there is none, that the mere fact that "T," instead of "N," is used in describing the serial number, while in all other respects the scales delivered correspond with the scales ordered, would constitute a failure on the part of the plaintiff, to comply with the terms of the con-

tract. Indeed, the defendant does not claim that the scales numbered "811-T" are in any wise inferior to, or different from, the scales numbered "811-N." However, under the evidence produced, we are satisfied that the defendant is not in a position to urge that the contract is not complied with.

The court permitted the plaintiff, at the close of the trial, to amend its replication and to plead an estoppel *in pais*, and this plea was that scales ordered by the defendant of the plaintiff were delivered to the defendant within a short time after the order was given, and that the defendant received the same and for a period of one year and five months thereafter, offered no objection to them; never notified the plaintiff that the scales received differed from the order in any respect; never tendered the scales back to the plaintiff, nor made any attempt to rescind the contract because of the alleged non-compliance therewith on the part of the plaintiff. Defendant's president admits, what is set forth in plaintiff's plea of estoppel, and the only excuse that he gives for not notifying plaintiff that the scales shipped were not the ones ordered, is that, while he made no attempt to give such notice to the plaintiff, he was waiting until he could see the plaintiff's selling agent to inform him thereof, but that he was unsuccessful in learning the address of this agent and never made any claim to the agent, or any officer of plaintiff, of such non-compliance until after the suit was brought.

The plea of estoppel is good in form and the uncontradicted evidence sustains it. For this reason alone the trial court was right in holding that the plaintiff, if it did not ship the kind of scales ordered, defendant is estopped to say to the contrary.

2. There is no evidence that these scales were sent for temporary use of the defendant until the scales actually ordered by the latter were shipped, while the ruling of the court, that the scales ordered were received, or at least, defendant may not now be heard to deny it, is clearly supported by the evidence.

3. The court was right in refusing to receive any evidence offered by defendant in support of its counterclaim. The amount claimed therein is $124.82. It does not appear how much was for board and room of plaintiff's agent, and how much for storage, repairs and supplies, which the counterclaim says were furnished to him, and there is no evidence that the agent was authorized to incur such debt. The written contract of sale says that the sale was for money to be paid within thirty days, and that contract declares that no agent of the company has the right or power to waive any of its terms or to make any other or different agreement concerning the sale of scales than the specifications written into the contract. No proper foundation was laid, therefore, for the admission of evidence in support of defendant's claim that the agent was authorized, expressly or impliedly, by the plaintiff to incur the bills set up in this counterclaim. The court rightfully held that no further evidence to sustain the counterclaim or cross-complaint could be admitted, for the offer made did not include any facts that would tend to prove authority of agent to bind his principal.

4. The alleged incompetent evidence admitted was in answer to this question, propounded to plaintiff's witness Peele, which was taken by deposition: "State, if you know, how much is now due and owing to the plaintiff from the defendant, and for what?" The objection made is that this calls for a conclusion of the witness and is asking the witness to testify to the ultimate fact which the jury only could determine. The answer to the question is "that there is due and owing to the plaintiff from the defendant $310.00 for the scales delivered."

Counsel cites *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos,* 70 Colo. 550, 203 Pac. 668, as supporting the defendant's contention that admission of this evidence was prejudicial error, in that it calls for a conclusion of the witness and is not a subject of expert testimony. It might be, if there was nothing else in the record on the subject, that the questions and answers were technically

improper. In view, however, of the fact that there was no plea of payment and there was an admission by the defendant that the scales were received, it was, at most, harmless error for the court to admit the alleged objectionable testimony. Not only does it appear from the pleadings, but counsel for the defendant, at the trial, admitted that no payment had been made of the scales. If they were the kind of scales ordered, necessarily $310.00, together with interest, were due the plaintiff from the defendant. In no sense was prejudicial error committed by the court in this ruling.

5. The defendant moved to suppress the depositions of the witnesses Peele and Zolg. The specific objection is that no notice of the application for a *dedimus* for taking the depositions, as required by section 383 of the Code of Civil Procedure, was served upon the defendant, whose officers were at all times residents of El Paso County, Colorado, and the defendant had not waived service of the notice required by this section. It appears that a notice, however, was served upon the firm of Orr & Little, and acknowledgment of service was made by Judge Little in behalf of the firm, who signed the notice as attorneys for defendant.

The sole question is, whether service of such a notice must be made upon the opposite party, plaintiff or defendant, or whether it may be made upon the attorney of the opposite party, if he has an attorney in the case? Section 383, relied upon by the plaintiff, says that when an application of this character for the taking of a deposition of a non-resident witness, has been made, five days' previous notice to the other party must be given. Defendant says that the expression "the other party" means the plaintiff or defendant and not the attorney of the other party.

If this provision of section 383 was the only statutory provision applicable, it might be that service must be made upon the opposite party himself and not on his attorney. Some of the authorities cited by defendant are to this effect, but section 414 of our Code of Procedure says that in all cases where the party has an attorney in the action or

proceeding, the service of papers, when required, shall be upon the attorney, or upon the party himself, except of summons, writs and other process issued in the suit and of papers to bring him into contempt, which shall be served on the party. By this section it is altogether clear that the notice by the plaintiff of application for a *dedimus* to take the testimony of these two witnesses, was properly served upon the attorneys for the defendant, who appeared in the case and have been the only attorneys of defendant from the beginning of the action to the present time.

6. Defendant says that grievous error was committed by the court in sustaining plaintiff's motion for a directed verdict and in withdrawing the case from the consideration of the jury, because where there is any evidence to establish the plaintiff's cause of action or defendant's defense, however slight such evidence may be, it is error for the court to withdraw the case from the jury or to direct a verdict.

If defendant's premises were sound, the conclusion which he reaches might be upheld. Since we have already held that the court rightfully refused permission to the defendant to give evidence in support of its counterclaim, the only other issue of fact to which the defendant seeks to apply the principle which he announces is, as to whether or not the scales received by the defendant were the kind of scales ordered. We have already expressed the opinion that there was not sufficient legal evidence to sustain the defense that the scales differed from those ordered and which were shipped, but if there was a discrepancy between the order and the scales received, the defendant is not in a position to object, because its President admits facts which we have said sustain the plea of estoppel, in that no objection was ever made by the defendant to the scales received, and no attempt was made to rescind the contract. This is equivalent to the holding that there was no conflict in the testimony as to the only issue of fact which the evidence admitted was offered to establish.

7. We perceive no error in the permission by the court

to the plaintiff to amend its replication by setting up an estoppel. It was in furtherance of the administration of justice, and amendments of this character are always looked upon with favor. *Sigel-Campion L. S. Co. v. Holly,* 44 Colo. 580, 587. This plea of estoppel.was addressed to affirmative new matter of the answer, setting up a non-compliance by the plaintiff with the provisions of the written contract of sale.

For these reasons we hold that the errors assigned here by the defendant are not tenable. The proper foundation was not laid for any evidence in support of the counter-claim, and the offer of the defendant to establish the same was not good because there was not even an attempt to show that the plaintiff's agent had any apparent or actual authority for incurring an indebtedness in behalf of the plaintiff, and, in addition thereto, the offer, if allowed by the court, would have been to permit the unambiguous terms of an admitted written contract to be set aside by parol testimony.

To grant this *supersedeas* and postpone decision for further argument would only add to the expense of the litigation without any advantage to the plaintiff in error. The application for *supersedeas* is denied and the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.