No. 11,744.

COLORADO INVESTMENT AND REALTY CO. *v.* RIVERVIEW
DRAINAGE DISTRICT, ET AL.

Decided April 2, 1928.

Action to recover taxes paid and to enjoin future levy
and collection.  Judgment of dismissal.

*Reversed.*

1.  DRAINAGE DISTRICTS—*Status.*  In Colorado a drainage district is not
a mere subdivision of the state or state agency for public purposes,
and may be sued.

2.  APPEAL AND ERROR—*Failure of Complaint to State a Cause of Action.*
Objection that a complaint does not state facts sufficient to state
a cause of action may be raised on review for the first time.

3.  PLEADINGS—*Amendments.*  Provisions of the Code for amendments
are broad and should be given a liberal construction in the further-
ance of justice.

4.  *Amendments.*  Proceedings that have the effect of depriving liti-
gants of the opportunity of amending their pleadings are dis-
couraged by the courts.

5.  *Insufficiency of Complaint—Appeal and Error.*  Where a general
demurrer to a complaint was sustained and the action dismissed,
the only point presented to and considered by the trial court being
whether or not a Colorado drainage district could be sued, the
Supreme Court refuses to affirm the judgment on the ground of
the insufficiency of the complaint in other particulars raised for
the first time on review.

6.  APPEAL AND ERROR—*Different Theory on Review.*  On review, it is too
late to interpose a new theory differing radically from that on
which the court and both parties proceeded below.

7.  *Questions not Considered Below.*  Questions expressly excluded
from consideration by the trial court will not be examined on review.

*Error to the District Court of Bent County, Hon. A. F.*
*Hollenbeck, Judge.*

Mr. D. B. KINKAID, for plaintiff in error.

Messrs. GORDON & GORDON, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

A general demurrer to the complaint of the Colorado Investment and Realty Company was sustained, the plaintiff stood upon its complaint, and the case was dismissed.

From the allegations of the complaint, some of which were stricken out on motion, it appears that one Cross owned a quarter-section of land in the Riverview drainage district, which was organized in 1921; that the plaintiff then held a trust deed of the land; that the drainage ditch as planned traversed the land in question, and, if constructed as planned, would benefit the land; that the land was assessed for benefits upon the basis that the drainage ditch would be constructed as planned; that the vote of the electors was held, and the construction contract was awarded, upon that basis; that thereafter, without notice to the plaintiff or its predecessor in ownership, and without their consent or acquiescence, and without any reassessment of benefits, the defendant district abandoned the course of the drainage ditch as originally planned, and constructed it on a new course; that, as constructed, the ditch is of no benefit to the land in question; that in 1924 and 1925 the land was sold for non-payment of assessments for 1923 and 1924; that on January 14, 1925, Cross conveyed the land to the plaintiff; that to avoid the loss of the property the plaintiff "paid said drainage district taxes  *  *  *  to said treasurer of Bent county, under protest, duress and coercion,  *  *  *  and received therefor a certificate of redemption and tax receipts"; that the plaintiff has been damaged by defendant district's failure to construct the ditch as

originally planned, and by being compelled to pay the drainage district taxes so unlawfully assessed; that the defendants, the district and its treasurer, threaten to continue to assess and levy such illegal taxes and to sell the property if such taxes are not paid. The plaintiff prays that the assessment, levy and collection of said taxes be decreed to be illegal; that it be decreed that the plaintiff is not indebted on account of said taxes; that the defendants be ordered to refund the money paid, and be restrained from paying out said money pending a determination of the suit, and be restrained from attempting to collect further taxes on the land; and that judgment be awarded plaintiff for damages in the sum of $1,385.79, being the amount of taxes paid.

Although the demurrer was general, there was only one point presented to and determined by the trial court. The court expressly confined its ruling to that one point. The order reads: "The court * * * sustains the said demurrer, for the reasons set forth in the brief of the defendants filed herein." The point presented by the defendants and decided in their favor is that a drainage district cannot be sued because there is no statute authorizing suit against it.

1. May a drainage district be sued when there is no constitutional or statutory provision authorizing suit? We have held that counties are not liable for torts, in the absence of a statute imposing such liability. *Board of County Commissioners v. Bish,* 18 Colo. 474, 33 Pac. 184. We also have held that the same rule applies to a school district. *Newt Olson Lumber Co. v. School District,* 83 Colo. 272, 263 Pac. 723. Counties and school districts are mere subdivisions of the state, organized solely for a public purpose. A county is created for the purpose of exercising a part of the political power of the state. A school district is an agency through which the state acts in the performance of duties that the Constitution imposes upon the state. Defendants contend that, as the state cannot be sued without its consent,

such agencies of the state cannot be sued without the consent of the state, and that a drainage district is such a state agency.

If in Colorado, as in some states, there were large areas of marshy, swampy, malaria-breeding lands, and, in the exercise of the police power, drainage districts were created by statute regardless of the consent of the owners of the lands, to enable the state, through the agency of such districts, to remove the menace to the public health, such districts would be mere subdivisions of the state, state agencies for governmental purposes. The public benefit would be the primary consideration; the benefit to the owners of the reclaimed lands would be incidental and subordinate. Such are not the conditions in this state. Here, in what Judge Hallett, in *Yunker v. Nichols,* 1 Colo. 551, referred to as "a dry and thirsty land," the great problem for many years was, and to a great extent is now, not to get rid of water, but to obtain enough to irrigate the land. As an incident to irrigation, however, some areas have become seeped to such an extent as to render them in some instances wholly unproductive, but in most instances merely less productive. The owners of such lands are permitted, not compelled, to organize drainage districts. The primary purpose of such districts is to benefit the owners of the lands by making their lands productive, or more productive, as the case may be, and therefore more valuable. The benefit to the public (C. L., sec. 2107), though substantial, is incidental to the main purpose sought to be accomplished. The total cost of constructing and maintaining the drainage system is borne, not by the public generally, but by assessment of the lands benefited. We do not think that a drainage district in this state is a mere subdivision of the state, a mere state agency created for governmental purposes. Indeed, upon oral argument, one of the attorneys for the defendants, after referring to the contention that a drainage district cannot be sued, said, "Frankly, we rely upon other grounds."

His lack of confidence in the contention is justified. We hold that in this state such a district may be sued.

2.   In their brief, counsel for defendants urge many other objections to the complaint—objections that they did not present to the court below, and that were not passed upon by that court. Counsel for the defendants admit that they did not argue, or even direct the trial court's attention to, these objections. They say, however, that the demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action is comprehensive enough to include these objections. They cite section 61 of the Code, which provides that the objection that the complaint does not state facts sufficient to constitute a cause of action may be raised at any time; and contend, in substance, that such objection may be urged for the first time in this court, even though no demurrer had been filed. That contention is sound, so far as it goes, and is supported by our decisions. But the question that we must determine in this case is, whether in the circumstances disclosed by the record, we are required to affirm the judgment and thereby deprive the plaintiff of the opportunity to amend its complaint. Section 61 of the Code must be read in connection with other provisions, so that effect may be given to all. The main object sought to be accomplished by the Code is to subordinate form to substance, to prevent a sacrifice of the substantial rights of litigants by harsh, narrow, hyper-technical rules of pleading. Its provisions for amendment are broad, and they are given a liberal construction in furtherance of justice. Code, sections 79, 81, 84, 91, 128, 157, 425, 429; *Nelson v. Chittenden*, 53 Colo. 30, 123 Pac. 656, Ann. Cas. 1914A, 1198; *Sigel-Campion Live Stock Co. v. Holly*, 44 Colo. 580, 587, 101 Pac. 68; *Devine v. Western Slope Fruit Growers Ass'n*, 70 Colo. 14, 196 Pac. 329; *Alamo Hotel & G. Co. v. Toledo Scale Co.*, 71 Colo. 577, 208 Pac. 476. The Code (sec. 479) provides that "its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its

object and assist the parties in obtaining justice." Proceedings that have the effect of depriving litigants of the opportunity to amend their pleadings are discouraged. Thus, in one case, where a party sought to prevent an amendment of his adversary's pleading by filing a motion for judgment on the pleadings, the court held that the right of amendment cannot thus be cut off. *Cornett v. Smith,* 15 Colo. App. 53, 60 Pac. 953. And see *Jackisch v. Quine,* 62 Colo. 72, 160 Pac. 186; *Jones v. Ceres Inv. Co.,* 60 Colo. 562, 154 Pac. 745, Ann. Cas. 1918C, 429.

In the present case, if there had been presented to the trial court the objections urged for the first time in this court, it may be that the trial court would have held the complaint defective in one or more particulars. In that case, the plaintiff would have had an opportunity to amend, so as to meet the objections urged. But if, notwithstanding the error of the trial court in its ruling on the only point of law called to its attention by counsel for the defendants, we affirm the judgment because the complaint is insufficient in other respects, the plaintiff would have no opportunity to cure the defect by amendment. This would be so unjust, so contrary to the spirit of the Code, that if there were no precedent for refusing to affirm the judgment in such circumstances, we would not hesitate to make one on this occasion. However, in holding that in the circumstances the judgment should not be affirmed, we have the support of judicial precedent.

In *Nelson v. Chittenden,* 53 Colo. 30, 123 Pac. 656, Ann. Cas. 1914A, 1198, a complaint in a county court case failed to show that the value of the property in controversy, or the amount involved, did not exceed $2,000, the jurisdictional amount. This objection was not urged in the trial court; but it was contended by the defendants in error that, as section 61 of the Code expressly provides that such objection may be raised at any time, this court should consider the objection and affirm the judgment against the plaintiff in error, notwithstanding the error

of the trial court in sustaining a general demurrer. The effect of an affirmance in that case, as in this, would be to deprive the plaintiff in error of an opportunity to amend the complaint. The court called attention to the fact that there was nothing in the record to show that the jurisdictional allegation could not truthfully be made. The court said that had the objection been urged in the trial court, it "would unquestionably have been sustained"; but that in such event the plaintiffs would have had the right, and would have been permitted, to amend the complaint; that if this court affirmed the judgment, it would defeat the plaintiffs' right to amend, which would be in direct conflict with the spirit of our Code practice; and that, for this reason, this court would not be justified in affirming the judgment. The fact that in the present case a general demurrer was filed, does not change the reason of the rule announced in that case. This case was submitted to the trial court on the theory that the only objection raised by the general demurrer was the right to bring suit against a drainage district. That theory was acted upon by court and counsel. In *Crosby v. Woodbury,* 37 Colo. 1, 89 Pac. 34, the trial court, as well as counsel for both parties, acted upon an erroneous assumption that the question of notice was not an issue or essential to the defense. The appellee claimed the right to an affirmance of the judgment on the ground that the record did not show notice. The court refused to affirm the judgment, saying, in part: "A judgment may be affirmed upon a ground other than that which influenced the trial court, and should not be reversed merely because it is based upon a wrong reason. If, however, it appears that a wrong reason adopted by the trial court prevented the defeated party from properly presenting his case, or prejudiced his rights, then the error of the court should be corrected on review. Appellate courts should be careful to prevent injustice resulting from the affirmance of a judgment upon a question not presented to the trial court, or which it ignored, and which might

have been avoided had attention been directed to it. A question raised for the first time on appeal is not favored. Hence, an appellate court should not ordinarily affirm a judgment which is erroneous, as tested by the reasons assigned for its rendition by the trial court, upon a ground involving a question of pleading or fact not fully developed at the trial, and to which attention of neither court nor counsel was called, when the affirmance might result in a miscarriage of justice. *Baker v. Kaiser,* 61 C. C. A. 303.

"Tested by these considerations, we do not think we would be justified in affirming the judgment upon the ground that the record does not show that plaintiff had notice of the alleged fact that Blake was a principal. The court directed a verdict upon grounds wholly untenable; whereas, had it but considered those which were vital, and based its ruling on them, the defendant might have been afforded an opportunity to either amend his pleadings, if defective, or supply omissions in testimony, which defects and omissions are now urged as grounds upon which the successful party relies to support a judgment which cannot be sustained upon those assigned by the trial court."

On review, it is too late to introduce a new theory, differing radically from that on which the court and both parties proceeded in the lower court. *Stratton Cripple Creek M. & D. Co. v. Ellison,* 42 Colo. 498, 94 Pac. 303; *Bishop and Chapter of the Cathedral of St. John, etc. v. Treasurer of Arapahoe County,* 29 Colo. 143, 68 Pac. 272; *Venner v. Denver Union Water Co.,* 40 Colo. 212, 90 Pac. 623, 122 Am. St. Rep. 1036; *Lexington Colorado Auto Co. v. Grigsby,* 76 Colo. 328, 231 Pac. 160. The present holding is not inconsistent with the holding in *Jessey v. Butterfield,* 61 Colo. 256, 157 Pac. 1, which states the general rule. In the present case, as we have said, court and counsel acted upon the theory that the demurrer, though general, presented for determination only one specific objection. This had the effect of excluding from

consideration all objections other than the one so presented and determined. In *Scott v. Bohe,* 81 Colo. 454, 256 Pac. 315, we held that questions that were expressly excluded from consideration by the trial court will not be examined on review.

The complaint does not make it clear whether the plaintiff is suing in tort or on contract. The complaint requires amendment, so as to indicate the nature of the suit, and to state more fully the cause of action upon which the plaintiff relies.

Because of the trial court's error in holding that a drainage district cannot be sued, the judgment is reversed, with direction to the trial court to give the plaintiff leave to amend its complaint as it may be advised.

Mr. Justice Walker did not participate.