THE BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY, APPELLANT, v. BISH, APPELLEE.

1. COUNTIES, WHEN NOT LIABLE.

In the absence of statute counties are not liable for torts; nor when a duty is imposed by statute is a county liable for failure to perform it, in the absence of express provision creating such liability.

2. Same.

Counties are not liable for personal injuries occasioned through the negligence of their officers in the construction and repair of the county bridges.

*Appeal from the District Court of El Paso County.*

This action was brought by appellee to recover damages sustained by her, by reason of the defective and dangerous character of a county bridge. In the court below the plaintiff obtained judgment for the sum of $500. From this judgment the county appeals.

Mr. J. L. Williams and Mr. H. M. Blackmer, for appellant.

Mr. Wm. B. Harrison and Messrs. Cochrane & Cochrane, for appellee.

Chief Justice Hayt delivered the opinion of the court.

The question presented is : Are counties in this state liable for personal injuries occasioned through the negligence of county officers, in the construction and repair of county bridges ?

The rule that counties are not liable for torts, in the absence of statute, is universally acknowledged. And the great weight of authority is in favor of the conclusion that, even when a duty is imposed by statute, the county is not liable for failure to perform it, in the absence of express provision, creating such liability. The cases sustaining the latter conclusion are so numerous that space will not permit of their citation in this opinion. They will be found collated in part in the notes on page 364 of the fourth volume of the American and English Encyclopedia of Law, and also in note 1, page 303 of Cooley's Constitutional Limitations.

In the states of Iowa, Maryland, Indiana and Pennsylvania, this latter conclusion has been repudiated, and an im-

plied liability declared to result under certain circumstances, from a failure on the part of county officers to perform a statutory duty, but a contrary rule has been so generally recognized by the courts of this country, that it may well be considered as too firmly established to be changed, except by constitutional or legislative enactment.

The uncertainty that must necessarily result from a failure to follow the general rule by the courts, is well illustrated by the decisions of the supreme court of Iowa. In a number of cases the court has held counties liable for injuries resulting from defective bridges, while in the case of *Kincaid v. Hardin County*, 53 Iowa, 430, it was decided that the county was not liable for an injury caused by a defective and improperly constructed court house. The distinction attempted to be drawn by that court is that counties were compelled to build court houses, while the building of bridges was optional. But we fail to see any difference in principle between the two cases. In concluding the opinion in the latter case the court announces that it is unwilling to extend the liability of counties further than already obtains, as by so doing inextricable complications would result, in actions for all possible negligent acts. Of this language the supreme court of Kansas says:—" This is virtually a confession that the rule previously adopted in that state as to the implied liability of counties, is a dangerous doctrine, and if followed to its logical results, would cause confusion worse confounded." *The Board of Commissioners of Marion County v. Riggs*, 24 Kansas, 255.

It is urged that no valid reason exists for exempting counties from liability for injuries resulting from defective highways and bridges, while holding cities and towns liable for such injuries. We think a sufficient answer to this argument is to be found in the distinction existing between municipal corporations created by the request, and, under our constitution, by the act of the citizens resident within the territorial limits thereof, for their local advantage and convenience, and counties which are created by the legisla-

ture for the purpose of exercising a part of the political power of the state.

Moreover, such municipal subdivisions are usually confined within small, compact territorial limits, and are provided with officers authorized to receive notices, and empowered to act promptly in all contingencies, while counties with us frequently include large areas and embrace within their limits extended regions of sparsely settled territory, making it difficult, if not impossible, for them with their inadequate means and limited complement of officers to guard against defects in highways and bridges.

It being admitted that there is no express statutory provision in this state making appellant liable in damages for the injuries complained of, the judgment of the district court must be reversed.

*Reversed.*