No. 17,564.

FREEL *v.* THE SCHOOL CITY OF CRAWFORDSVILLE.

SCHOOL CORPORATION.—*Liability for Negligent Acts of Its Officers.—Taxes.—Damages.—Personal Injury.*—A school corporation is not liable for the negligent acts of its officers, where no right of action against it is expressly given by statute, and no provision is made for levying taxes or paying damages for personal injuries.

From the Montgomery Circuit Court.

*M. E. Clodfelter, G. D. Hurley* and *C. L. Thompson,* for appellant.

*Paul & Bruner,* for appellee.

MONKS, J.—Appellant brought this action to recover for personal injuries sustained by him while in the employment of appellee as a laborer, making repairs on a schoolhouse.

A demurrer was sustained to the complaint, and judgment rendered for appellee.

The only error assigned calls in question the ruling of the court in sustaining the demurrer to the complaint. If appellee is liable to respond in damages for the negligence of its officers or agents, the court erred in sustaining the demurrer to the complaint as the same is otherwise sufficient.

School corporations in this State are a part of the educational system of the State, established in compliance with article 8 of the constitution, sections 182, 187, R. S. 1881 (sections 182, 187, R. S. 1894), which makes it the duty of the Legislature "to provide by law for a general and uniform system of common schools, where tuition shall be without charge and equally open to all."

They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the State, for the sole purpose of administering the State system of public education.

It is the duty of the school trustees of a township, town, or city to take charge of the educational affairs of their respective localities, and among other things to build and keep in repair public school buildings. In performing the duties required of them they exercise merely a public function and agency for the public good for which they receive no private or corporate benefit. School corporations, therefore, are governed by the same law in respect to their liability to individuals for the negligence of their officers or agents as are counties and townships.

It is well established that where subdivisions of the State are organized solely for a public purpose, by a general law, that no action lies against them for an injury received by a person on account of the negligence of the officers of such subdivision, unless a right of action is expressly given by statute. Such subdivisions then, as counties, townships, and school corporations, are instrumentalities of government, and exercise authority given by the State, and are no more liable for the acts or omissions of their officers than the State. *Cones* v. *Board, etc.,* 137 Ind. 404, and authorities cited; *Board, etc.,* v. *Daily,* 132 Ind. 73, and cases cited; *Morris* v. *Board, etc.,* 131 Ind. 285, and cases cited.

In *Smith* v. *Board of Commissioners of Allen Co.,* 131 Ind. 116, this court held that a county was not liable for an injury to a servant, sustained without his fault, while engaged in tearing down one of its bridges, although he works under the immediate charge of its

agent, who is known to the board of commissioners to be incompetent, which incompetency is the proximate cause of the injury. The case of *Smith* v. *Board, etc., supra*, is decisive of the questions in this case.

Besides school corporations in this State have no fund out of which such damages can be paid, nor have they any power, express or implied, to raise a fund for such purpose, by taxation or otherwise.

The law specifically states what taxes shall be levied for their benefit, and how and for what the same shall be disbursed, and no provision is made for the payment of damages for personal injuries. This fact alone would be decisive of the question against appellant. *Cones* v. *Board, etc., supra*, on pages 408 and 409; *O'Leary* v. *Board of Fire Comm. etc.*, 79 Mich. 281, (7 L. R. A. 170), 19 Am. St. Rep. on pages 172 and 173. Certainly a public corporation is not liable to respond in damages in any instance for the negligence of its officers or agents unless it has the authority to raise the money from the tax-payers to pay the same. The officer, agent, or other person whose negligence was the proximate cause of the injury may be liable, but appellee is not. The decisions in other states fully sustain the views here expressed. *Edgerly* v. *Concord*, 62 N. H. 8, 13 Am. St. Rep. 533; *Goddard* v. *Inhabitants of Harpswell*, 84 Me. 499, 30 Am. St. Rep. 373, and note on pages 398 and 402; *Dosdall* v. *County of Olmsted*, 30 Minn. 96, 44 Am. Rep. 185; *Howard* v. *Worcester*, 153 Mass. 426, (12 L. R. A. 160), 25 Am. St. Rep. 651; *Downing* v. *Mason Co.*, 87 Ky. 208, 12 Am. St. Rep. 473; 2 Thom. on Negl., 698; *Hill* v. *City of Boston*, 122 Mass. 344, 23 Am. St. Rep. 332; *Barnes* v. *District of Columbia*, 91 U. S. 540; *Wixon* v. *City of Newport*, 13 R. I. 454, 43 Am. Rep. 35; *Barnett* v. *County of Contra Costa*, 67 Cal. 77; *Finch* v. *Toledo Board of Education*, 30

Ohio St. 37, 27 Am. Rep. 414; *Lane* v. *Township of Woodbury,* 58 Iowa 462; *Flori* v. *St. Louis,* 69 Mo. 341, 33 Am. Rep. 504; *Hollenbeck, Admx.,* v. *County of Winnebago,* 95 Ill. 148, 35 Am. Rep. 151; *Bigelow* v. *Inhabitants of Randolph,* 14 Gray (Mass.) 541; *Kincaid* v. *Hardin Co.,* 53 Iowa 430, 36 Am. Rep. 237; *Ford* v. *School District of Kendall Borough,* 121 Pa. St. 543, 1 L. R. A. 607; *Templeton* v. *Linn Co.,* 22 Ore. 313, and cases cited; *Bailey* v. *Lawrence County (S. D.),* 59 N. W. Rep. 219; 1 Beach Pub. Corp., sections 734 and 739, note 1; 15 Am. and Eng. Ency. of Law, page 1143, and authorities cited in note 1; 1 Shear. & Redf. on Negl., section 267.

There is no error in the record.

Judgment affirmed.