THE BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY v. BALL.

COUNTIES NOT LIABLE FOR WRONGFUL ACTS OF OFFICERS.
A county is not, in the absence of a statute, liable for the tortious acts of its officers or for acts done by them clearly beyond their power.

*Error to the County Court of Pitkin County.*

PLAINTIFF held, under the town site act, possessory title of a lot in Aspen, upon which an illegal tax was assessed and levied by Pitkin county for the year 1884. For failure to pay such tax the lot was advertised for sale and bid in by the county treasurer for the county. Thereafter the county canceled said tax, as illegal, but the treasurer, notwithstanding such order of the county commissioners, in due time executed his tax deed therefor to the county. Subsequently the county conveyed this lot to one Mitchell, as it is alleged, fraudulently, and with intent to cloud the title of the plaintiff.

Afterwards plaintiff received a patent for this lot from the United States government, and bargained it for sale. When the title was examined it was discovered that Mitchell held under this tax deed, which had been placed on record, and, in order to complete the sale, plaintiff alleges that she was compelled to pay Mitchell $250 to remove the cloud.

It is further alleged (but we do not consider it material) that the board of county commissioners, when this claim was

presented to it by the plaintiff, agreed to abide by the decision of its county attorney, which was that the board should pay the claim, but it refused to comply.

Upon these facts, admitted by the defendant when it demurred to the complaint, the county court rendered judgment against the county for the full amount of the claim, and by a peremptory writ of mandamus ordered the board to levy a tax to pay the judgment. The writ of error was made to operate as a *supersedeas* by this court, and is now being prosecuted by the defendant to reverse the judgment.

Mr. ROBERT G. WITHERS, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action is not one for damages against the county for casting a cloud on plaintiff's title, but is for a fixed sum which the plaintiff alleges she was compelled to pay to Mitchell, the grantee of the defendant, in order to clear her title from a cloud before she could complete a sale. This money was paid to Mitchell. The county received none of it.

The wrong committed by the county, through its officers, was in assessing untaxable property, levying an illegal tax, and selling the property for failure to pay the same. If the county is liable at all to a landowner, under these circumstances, the extent of the liability would not be whatever sum Mitchell should exact, or the plaintiff be willing to pay, or what these persons should mutually agree upon, to have the cloud removed. But for such tortious acts of its officers, or for acts clearly beyond their power, the county, in the absence of a statute, is not liable. *Board of County Commissioners v. Bish*, 18 Colo. 474, and cases cited; Mechem on Public Officers, sec. 850; 1 Beach on Pub. Corps., secs. 258 –263 and chap. 20.

In the absence of direct statutory authority therefor, we know of no law that would make the county liable for money

paid by a landowner to one who holds a recorded tax deed for the land, in order to clear his title. If the board of county commissioners fraudulently, or with intent to damage the plaintiff, wrongfully conveyed to Mitchell the plaintiff's land, of which the county held a tax deed issued under a void tax sale, even if this occasioned a cloud upon the title, the county cannot be held in damages therefor, whatever may be the liability of the officers in their individual capacity, as to which we express no opinion.

The circumstance that the county promised to pay, if the county attorney should so advise, is not important, for the liability of the county for an illegal demand preferred against it is not made legal merely because the county attorney advises that the claim be paid. If the plaintiff has a remedy for the recovery of the money paid to Mitchell, she has mistaken it in the present action.

The judgment is reversed, and the court below ordered to dismiss the complaint.

*Reversed.*