No. 11,832.

Newt Olson Lumber Company *v.* School District Number Eight, Jefferson County.

Decided January 23, 1928.

Action against a school district for lumber used in the construction of a school house by contractor. Judgment for defendant.

*Affirmed.*

1. Appeal and Error—*Cross-Assignments.* On review, the successful party in the trial court is not entitled to a decision on a point upon which no cross-error is assigned.

2.  Words and Phrases—*Tort.*  A tort is any wrongful act (not involving a breach of contract) for which a civil action will lie; a civil wrong independent of a contract.

3.  Schools—*School Districts—Torts.*  A school district is not liable for its torts unless·made so by statute, and there is no statute in Colorado imposing such liability.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. John C. Vivian, Mr. Robert H. Kane, for plaintiff in error.

Mr. J. B. Manby, Jr., Mr. A. P. Anderson, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The school district contracted with Fulton and Whitcomb to build a school house.  The school house was built, the lumber company (plaintiff in error) furnishing to the contractors lumber used in the construction of the building.  Upon the completion of the school house, there remained a balance owing by the contractors to the lumber company.  The lumber company brought this suit against the contractors and the school district to recover the balance due, and to have a lien upon the school house, and the land upon which it stands, decreed and foreclosed.  The contractors defaulted, and judgment against them was entered.  The school district filed a general demurrer to the complaint, which demurrer was sustained.  There was then filed an amended complaint, in which the lumber company abandoned its untenable claim for a lien upon the school property (*Florman v. School District,* 6 Colo. App. 319, 40 Pac. 469), and sought to recover a money judgment against the school district on an entirely differ-

ent cause of action, namely, for the alleged failure of the school district to obtain from the contractors a bond for the protection of those furnishing materials to the contractors, which duty, the lumber company contends, is imposed upon the school district by chapter 135 of the Session Laws of 1915, and chapter 155 of the Session Laws of 1923; and for its wrongfully paying money to or on account of the contractors, in violation of the provisions of the act of 1923. A motion to strike the amended complaint was denied. This ruling is attacked in argument; but as there is no assignment of cross-error, the school district is not entitled to a decision on this point. A stipulation of all the parties provided for the payment to the lumber company, on account, of a small balance held by the school district and due to the contractors. Presumably this payment was made.

The judgment for the school district is right. The duty, a violation of which is charged in the amended complaint, is one imposed by law, and does not arise from any contract between the school district and the lumber company. The violation of such duty is a tort. Webster's New International Dictionary defines "tort" thus: "Law. Any wrongful act (not involving a breach of contract) for which a civil action will lie; a civil wrong independent of a contract." And see Words and Phrases, tit. "Tort." A school district is not liable for its torts, unless made so by statute. In *Florman v. School District,* 6 Colo. App. 319, 322, 40 Pac. 469, 470, it is said: "A school district is a subdivision of the state for educational purposes. The several officers charged with the supervision of the schools, from the state board of education down to the directors of the school district, are merely the· instruments of the state government, chosen for the purpose of effectuating its policy in relation to schools.  *  *  *  The school district is created as a means for the more convenient and effective carrying out of the educational policy of the state. The entire control of schools and school property is in the state, to

be exercised as it may see fit, subject to the requirements and restrictions contained in the constitution; and school officers and school districts are merely the agencies through which it acts in the performance of duties with which it is charged by that instrument.''

In *Freel v. School City of Crawfordsville*, 142 Ind. 27, 41 N. E. 312, 37 L. R. A. 301, the court said: ''School corporations in this state are a part of the educational system of the state. * * * They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the state, for the sole purpose of administering the state system of public education. * * * In performing the duties required of them they exercise merely a public function and agency for the public good for which they receive no private or corporate benefit. * * * It is well established that where subdivisions of the state are organized solely for a public purpose, by a general law, no action lies against them for an injury received by a person on account of the negligence of the officers of such subdivision, unless a right of action is expressly given by statute. Such subdivisions then, as counties, townships, and school corporations, are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their officers than the state.''

Voorhees, in the Law of Public Schools, p. 56, says: ''A school district organized as a quasi corporation, and solely for the public benefit, although capable of suing and being sued is not liable for the trespasses, negligence, and other torts committed by its officers unless made so by statute.'' An analogous case is that of counties. Counties also are mere involuntary corporations, subdivisions of the state, state agencies; and we have held that, in the absence of statute, counties are not liable for torts. In *County Commissioners v. Bish*, 18 Colo. 474, 33

Pac. 184, we said: "The rule that counties are not liable for torts, in the absence of statute, is universally acknowledged. And the great weight of authority is in favor of the conclusion that, even when a duty is imposed by statute, the county is not liable for failure to perform it, in the absence of express provision, creating such liability. The cases sustaining the latter conclusion are so numerous that space will not permit of their citation in this opinion. * * * In the states of Iowa, Maryland, Indiana and Pennsylvania, this latter conclusion has been repudiated, and an implied liability declared to result under certain circumstances, from a failure on the part of county officers to perform a statutory duty, but a contrary rule has been so generally recognized by the courts of this country, that it may well be considered as too firmly established to be changed, except by constitutional or legislative enactment. * * * It is urged that no valid reason exists for exempting counties from liability for injuries resulting from defective highways and bridges, while holding cities and towns liable for such injuries. We think a sufficient answer to this argument is to be found in the distinction existing between municipal corporations created by the request, and, under our constitution, by the act of the citizens resident within the territorial limits thereof, for their local advantage and convenience, and counties which are created by the legislature for the purpose of exercising a part of the political power of the state." See also *Richardson v. Belknap,* 73 Colo. 52, 213 Pac. 335.

In South Dakota, Minnesota and Washington the statutes expressly impose liability upon municipal corporations and quasi municipal corporations for failing to take the bond required by statute. There is no such provision, or similar provision, in our statutes. This action cannot be maintained.

The judgment is affirmed.

MR. JUSTICE ADAMS concurring in the result.

I agree that the judgment should be affirmed, but on the ground that neither the pleadings nor evidence entitle the plaintiff to recover on contract, express or implied, or on quantum meruit. I do not understand that a breach of statutory duty has to be classified as an action ex delicto, or that the case here necessarily bears that construction. We invariably say that the laws of the land are written into every contract that is made, and suit may be had on the contract, regardless of tort. But here there was no privity of contract between the subcontractor or materialman, and the school district; there could be no lien because it was a school building, and this is right. It would be contrary to public policy to close a school house to accommodate a mechanic's or a materialman's lien. And so I concur in the opinion that the plaintiff has no case, but I question if the subject of negligence or tort is involved.