FORRESTER *v.* SOMERLOTT ET AL.

[No. 13,131. Filed October 11, 1928.]

*H. W. Mountz* and *A. C. Wood,* for appellant.
*Dudley W. Gleason* and *Best & Yotter,* for appellees.

NICHOLS, C. J.—Action by appellant, a girl twelve years of age, by her next friend, against appellees to recover damages for an injury which she sustained in the overturning of a school hack in which she was a passenger.

Appellees are the school township, Sniff, the township trustee, and Somerlott, the driver of the school hack, under a contract with appellee Sniff as trustee.

The school to which appellant was assigned was of such distance from her home that it was the duty of the township to provide a conveyance for her, together with other children, to the school. Prior to the beginning of the school year, the township, through its trustee, had entered into a contract with appellee Somerlott, whereby the township furnished a hack body to be installed upon a truck that was to be furnished by Somerlott, and under which Somerlott agreed, with the conveyance thus constructed, to convey appellant and other children of the district to school.

On April 6, 1926, while appellee Somerlott was transporting a number of school children, including appellant, to school, the hack was overturned and appellant was injured. The complaint charges appellees with negligence in the equipment and furnishing of the conveyance, and in the failure to inspect it and keep it in repair, and with negligence in driving it.

The original complaint was filed against all of the appellees as defendants, charging them all with negligence in the failure to furnish a sufficient vehicle for the transportation of appellant, and to inspect the vehicle and keep it in good repair.

To this original complaint, the court sustained a demurrer of the school township, and appellant declined to plead further as to this appellee. Appellant afterwards filed an amended complaint as to appellees Sniff and Somerlott. Issues were joined on this amended complaint as to appellees Somerlott and Sniff.

The case was tried by jury, which returned a general verdict in favor of said appellees. Appellant's motion for a new trial was overruled, and the court rendered a judgment in favor of all appellees for costs of the action.

The errors relied on for reversal are that the court erred in sustaining appellee school township's demurrer to the original complaint and in overruling appellant's motion for a new trial.

There was no error in sustaining the demurrer of appellee school township to the original complaint. This question has been so fully considered, and definitely decided against appellant's contention in *Freel* v. *School City of Crawfordsville* (1895), 142 Ind. 27, 41 N. E. 312, that we deem it unnecessary to give it further attention.

Appellant contends with much earnestness that the uncontradicted evidence shows that appellant's injuries were wholly the result of appellees' negligence, and so it appears from the statement of the evidence as given in appellant's brief, but when corrected and supplemented by appellees in their brief, the evidence is ample to sustain the verdict of the jury.

We have carefully read the instructions given by the court to the jury, and have to say that we find no re-

versible error therein. The jury was well instructed as to the law of the case.

Appellant propounded to witness Theodore Crain the following question: "I will ask you if you observed the hack at any time previous to the accident, when the little girl, Pauline Forrester, was injured?" Appellee objected to this question, and thereupon appellant offered to prove in answer thereto that, previous to the accident, the witness "observed the condition of the hack and of the front wheels, and that the wheels wobbled, and that he told the defendant Somerlott that the wheels wobbled and that the hack was not safe for children to ride in." The objection was sustained, and appellant presents error on the court's ruling. The first part of the offer would have been responsive to the question, and had the evidence been offered as original evidence instead of in rebuttal, it should have been admitted. But the latter part of the offer was not responsive to the question. There was no reversible error in sustaining the objection.

Judgment affirmed.