No. 13,132.

SCHOOL DISTRICT No. 28, A JOINT SCHOOL DISTRICT IN
ARAPAHOE AND ADAMS COUNTIES *v.* DENVER
PRESSED BRICK CO.

(14 P. [2d] 487)

Decided September 12, 1932.

Mr. FRED A. HARRISON, Mr. CHARLES L. HARRISON, for plaintiff in error.

Mr. CHARLES R. ENOS, Mr. HAROLD H. HEALY, Mr. THEODORE A. CHISHOLM, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

The school district, having elected to stand on its over-ruled general demurrer to the complaint, and the other defendant below, one Corbin, defaulting, judgment was given against both. The district brings error.

The complaint, ample in detail, is to the effect that Corbin contracted with the district to make certain repairs on one of its buildings; that he did not execute a bond for the protection of those supplying labor and material in the matter of the contract, but proceeded nevertheless to enter upon and conclude the work covered by his engagement; that the brick company supplied to Corbin material used in the repairs at the agreed and reasonable price of $206.40, which he did not pay; that the district did not advertise notice of the time when settlement would be made with the contractor, and without retaining sufficient of the contract price to pay the company, discharged its obligation to Corbin; and that subsequently the company notified the district of its claim. On these facts it is argued that pursuant to statutory enactments the district became charged as trustee of the contract sum for the use of the company as its interest appeared. The statutes relied on are section 9514, C. L. 1921; chapter 155, Laws 1923, and section 3 of the latter act as amended by chapter 148, Laws 1929.

In its application here the import of the legislation is that the contractor, after being awarded the contract, but before entering upon performance, shall "execute, deliver to and file with the board * * * a good and sufficient bond, * * * in a penal sum not less than one-half of the total amount payable by the terms of the contract; * * * conditioned for the due and faithful performance of the contract, and providing, in addition to all other conditions, that if the contractor * * * fail to duly pay

for any labor, material, team hire, sustenance, provisions, provender or other supplies used or consumed by such contractor or his or its subcontractor in performance of the work contracted to be done, the surety will pay the same in an amount not exceeding the sum specified in the bond, together with interest at the rate of eight per centum per annum. Unless such bond is executed, delivered and filed as herein provided, no claim in favor of the contractor arising under such contract shall be audited, allowed or paid." Amended section 3 makes provision for the board to advertise time of final settlement, and requires a claimant to file a verified statement within a limited period, and in certain contingency to commence action within ninety days, and during any or all reserved periods the board shall withhold payment to the contractor. The section also provides that a claimant may sue the surety on the bond. Laws 1929, p. 525. The provisions are intended to work a measure of protection to those supplying labor and material on public work, as in the Corbin contract. But granting so much, we are of the opinion that nothing alleged to have been done or omitted by the school board operates to make the district liable.

■ ■ A school district, as should be borne in mind, is an involuntary corporation, created by the state in furtherance of its plan of public and free education. *Florman v. School District,* 6 Colo. App. 319, 40 Pac. 469; Voorhees, Laws Public Schools, p. 56. It is a subdivision of the state, required by the state to function as an instrumentality of the government, and, like a county, in the absence of express enactment to that end, is no more liable for the acts of omission of its officers than the state. *Newt Olson Lumber Co. v. School District,* 83 Colo. 272, 263 Pac. 723; *Florman v. School District, supra; School District v. Rivera,* 30 Arizona 1, 243 Pac. 609; *Board of Commissioners v. Bish,* 18 Colo. 474, 33 Pac. 184; *Freel v. Crawfordsville,* 142 Ind. 27, 41 N. E. 312, 37 L. R. A. 301. The most the board did, and only

of that is complaint made, was to omit the performance of details of duty imposed by statute. We have said that such failure is a "tort," and that "A school district is not liable for its torts." *Newt Olson Lumber Co. v. School District, supra.* See, also, *Colorado Co. v. Drainage District,* 83 Colo. 468, 266 Pac. 501; *Richardson v. Belknap,* 73 Colo. 52, 213 Pac. 335. "The board is not authorized to commit a tort,—to be careless or negligent, and when it commits a wrong or tort, it does not in that respect represent the district, and for its negligence or tort in any form, the board cannot make the district liable." *Board of Education v. Volk,* 72 Ohio St. 469, 74 N. E. 646.

The claim that the district became charged as trustee of the contract sum for the benefit of the company, is based on the decision in *Western Co. v. Golden,* 23 Colo. App. 461, 130 Pac. 1027, where the court interpreted chapter 124, Laws 1899 (Repealed, chapter 195, Laws 1921). That statute provided that it should be the duty of public officials to "withhold payment of moneys due the contractor for the construction of such public works, to satisfy the claims of laborers, subcontractors," etc. There is no equivalent provision in the present law, but there is provision for bond in the interest of claimants, not in the earlier law, to which they may have direct resort. We think the court of appeals case is distinguishable, and that the situation is controlled by *Newt Olson Lumber Co. v. School District, supra,* where we held that failure to require the bond amounted to a tort on the part of the school board, for which, considering its public function, the district was not liable. Other provisions relative to giving notice by the board, holding the fund in certain circumstances, and the like, have not been overlooked. Those provisions are procedural, and would seem to come into effect, if at all, in cases where bond is given. In themselves no expression attaching liability to the district is to be found. *Ninth School District v. Rogers,* 250 Mass. 193, 145 N. E. 278.

292

■ Another consideration prompts our conclusion. As we have seen, the bond which the statute requires the contractor to give is in the interest of those furnishing material and labor on public work, and in the case of school districts the bond must be filed with the board. With the statute pointing the way, only carelessness prevented the company from knowing the bond had not been given. Such indifference is equivalent to negligence and precludes recovery. *Woodward Lumber Co. v. Grantville*, 13 Ga. App. 405, 79 S. E. 221. It comports with justice, therefore, to hold that rather than mulct the district here in a considerable sum, portentious of disaster in a conceivable case, the company should have inquired about the bond before extending credit to the contractor. The court erred in overruling the demurrer.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.