530 P.2d 1004 (1974)
Martin J. MALONEY, Plaintiff-Appellant,
v.
The CITY AND COUNTY OF DENVER, a Municipal Corporation, Defendant, and
School District No. I, in the City and County of Denver, State of Colorado, and Robert Henry, Defendants-Appellees.
No. 73-387.
Colorado Court of Appeals, Div. III.
December 31, 1974.
*1005 Butler, Lepore, Landrum & Pierce, P. C., Robert G. Pierce, Lakewood, for plaintiff-appellant.
Wood, Ris & Hames, P. C., Eugene S. Hames, Charles E. Weaver, Denver, for defendants-appellees, School District No. 1 and Robert Henry.
Selected for Official Publication.
VanCISE, Judge.
Plaintiff Maloney instituted this action alleging that he was injured on the premises of the defendant School District No. 1 (School District) by the negligence of its employee, defendant Henry. The alleged injury occurred on or about November 19, 1965. Copies of alias summons and amended complaint were served on the School District on July 2, 1968, and on Henry on February 14, 1969. In each instance more than two years had elapsed between the occurrence of the injury and the commencement of the action as to these defendants.[1]
An insurance policy, with limits of $300,000 per person and $1,000,000 per accident, covering the individual defendant and the School District for acts such as those alleged in the amended complaint, was in effect at the time the alleged injury was suffered by Maloney. The court granted defendants' motion for summary judgment and dismissed the action on a finding that the two-year limitation on the bringing of actions contained in C.R.S.1963, 72-16-6, applied and barred the action. Maloney appeals. We reverse.
The issue on appeal is whether the two-year limitation on actions in C.R.S.1963, 72-16-6, applies to bar this suit. Maloney contends that 1965 Perm.,Supp., C.R.S.1963, 123-30-1 et seq., the 1964 Act concerning the powers and duties of school boards, and particularly sections 123-30-10(21) to (24) thereof, which specifically empower school district boards to procure liability insurance, applies exclusively here. He further contends that, since there is no time limitation in any portion of that Act, his action is not barred and the judgment should be reversed and the cause be remanded for trial on the merits of his claim. The School District and Henry maintain (1) that C.R.S.1963, 72-16-6, applies to the School District's purchases of its insurance, and (2) that even if Chapter 72, Article 16, does not specifically apply, still 1965 Perm.Supp., C.R.S.1963, 123-30-10, is in pari materia with C.R.S.1963, 72-16-6, and the two-year limitation contained in the latter is applicable and bars the action.
C.R.S.1963, 72-1-1 et seq., pertains to insurance. Article 16 of that chapter applies to liability insurance covering acts of state and county employees. Pertinent sections in effect at the time this cause accrued are:
"72-16-2. Purchase of insurance authorized.The head of a department of the state of Colorado, with the approval of the governor, or in the case of the county or city and county, the chief executive *1006 officer or county commissioner . . . is hereby authorized to procure insurance, through the state purchasing agent as provided in chapter 3, article 4, C.R.S.1963, for the purpose of insuring its officers, employees, and agents against any liability . . . for injuries or damages resulting from their negligence or other tortious conduct during the course of their service or employment. Counties or cities and counties are hereby authorized to insure their officers, employees, and agents against similar liabilities."
"72-16-6. Limitations of actions.No action arising against an officer, employee, or agent of the state or state governmental subdivision for which insurance coverage is provided in this article, shall be brought unless the same is brought within two years from the date the cause of the action, if any, shall accrue." (emphasis supplied)
C.R.S.1963, 72-16-1(1) and (3), define "state" as including any agency or department of the state of Colorado, and "employee" as "any employee of the state or its governmental subdivisions." C.R.S.1963, 72-16-4, as then in effect, provided that bodily injury liability insurance coverage shall be limited to $50,000 for each person and $100,000 for each accident or other occurrence.
The 1964 Act relative to school boards, in 1965 Perm.Supp., C.R.S.1963, 123-30-10, sets forth the specific powers of boards of education, the governing bodies of school districts. Pertinent subdivisions thereof are:
"(1) In addition to any other power granted to a board of education of a school district by law, each board of education of a school district shall have the following specific powers, to be exercised in its judgment:. . . . . .
(23) To procure public liability insurance covering the school district and the directors and employees thereof.
(24) To procure liability and property damage insurance on school buses or motor vehicles owned or rented by the school district."
As stated in Bagby v. School District No. 1, Colo., 528 P.2d 1299 (announced November 11, modified December 23, 1974):
"A school board administers a school district. Colo.Const. Art. IX, Sec. 15. A school district is a subordinate division of the government and exercising authority to effectuate the state's education purposes. C.R.S.1963, 123-10-1; Newt Olson Lumber Co., supra [83 Colo. 272, 263 P. 723 (1928)]; School District v. Pomponi, 79 Colo. 658, 247 P. 1056 (1926). As such, school districts and the boards which run them are considered to be political subdivisions of the state."
C.R.S.1963, 72-16-2, does not apply to political subdivisions; it only applies to agencies or departments of the state or to counties or cities and counties. Therefore, this statute cannot apply to school boards or school districts. See Bagby v. School District No. 1, supra. Since insurance coverage is not provided for school districts in section 2 dealing with authorization for purchase of insurance, C.R.S.1963, 72-16-6, containing the two-year limitation for bringing of actions, also does not apply to school districts.
It should also be noted that, as stated by the secretary of the School District in his affidavit, the liability insurance in effect at the time of the alleged injury to Maloney was obtained pursuant to the power specified in 1965 Perm.Supp., C.R.S.1963, 123-30-10(24). The coverage was $300,000-$1,000,000, i.e., in excess of the $50,000-$100,000 limits set by C.R.S.1963, 72-16-4. Furthermore, purchase of this insurance was not made by or controlled through the state purchasing agent as required by C.R.S.1963, 72-16-2 and 3-4-1(2)(a) and (c) for state agencies or departments.
Liability of defendants is governed by the provisions of 1965 Perm.Supp., C.R.S.1963, *1007 123-30-1 et seq. There being no limitation of actions stated in that statute, the action is not barred.
Where the facts were undisputed but erroneous principles of law were applied to those facts, judgment rendered on such facts will not be upheld on review. American National Bank v. Christensen, 28 Colo.App. 501, 476 P.2d 281. Judgment reversed and cause remanded with directions to reinstate the amended complaint and for such further proceedings as may be appropriate.
PIERCE and RULAND, JJ., concur.
NOTES
[1] Maloney originally instituted this action against the City and County of Denver on plaintiff's mistaken belief that Henry was employed by the City. On learning that Henry was employed by the School District and not by the City, he served alias summonses and amended complaints on the School District and Henry. The term "defendants" as used in this opinion refers to the School District and Henry but not to the City.