**William C. IVERSON and Geraldine M. Iverson, Plaintiffs-Appellants,**

v.

**Nita M. SOLSBERY, Defendant-Appellee.**

**No. 81CA0020.**

Colorado Court of Appeals,
Div. III.

Feb. 11, 1982.

Nuss & Braden, P. C., Ralph A. Braden, Jr., Colorado Springs, for plaintiffs-appellants.

Mason & Davis, Robert J. Mason, Colorado Springs, for defendant-appellee.

SMITH, Judge.

Plaintiffs, William and Geraldine Iverson (Iversons), appeal the trial court's entry of summary judgment in favor of defendant, Nita M. Solsbery, on their tort claim alleging non-compliance with the building code, and on their claim of fraudulent misrepresentation in connection with improvements made by defendant on real property which was ultimately sold to plaintiffs. We reverse.

In 1978, Solsbery owned a parcel of real property in Colorado Springs upon which was located a four unit multi-family complex with a utility-laundry room. Solsbery converted the utility room into a fifth apartment unit. It is undisputed that these improvements were done without a building permit and that the work done violated the Colorado Springs Building Code.

In February of 1978, Solsbery sold the property to one Noblett. Approximately six months later, Noblett conveyed the property to the Iversons. Upon inquiry to the building department, the Iversons learned that a building permit had not been obtained by Solsbery for the fifth unit conversion, nor had a certificate of occupancy been issued for that unit. An inspection by the department revealed several items of noncompliance with the building code. The Iversons, upon the department's demand, caused corrective work to be done on the fifth unit in order to meet the code requirements and sued Solsbery to recover the $9,500 spent on that remedial construction.

The Iversons' complaint alleged tortious conduct in connection with the original improvements made and misrepresentation in the sale of the property. The trial court, prior to trial and based on the undisputed facts, granted Solsbery's motion for summary judgment of dismissal as to each claim on the basis that there was lack of privity of contract between the Iversons and Solsbery and because it concluded that Solsbery's duty on *any* tort theory was "questionable."

I.

Under the undisputed facts alleged in this case we hold that the Iversons' lack of privity of contract with Solsbery does not preclude their right to recover.

Both of the Iversons' claims sound essentially in tort. In tort actions liability attaches to a wrongdoer, not by virtue of a failure to perform a contractual obligation, but because a duty of care has been breached. *Schnell v. Gustafson*, Colo., 638 P.2d 850 (1981) (as to misrepresentation);

*Wright v. Creative Corp.*, 30 Colo.App. 575, 498 P.2d 1179 (1972). Consequently, the existence of privity is irrelevant to the Iversons' right to recover on either claim.

## II.

Iversons contend that Solsbery's conduct, being violative of the building code, was tortious because it constituted negligence *per se.* We agree that Solsbery's conduct was tortious, not, however, because it involved conduct which was negligent, *per se* or otherwise but rather because it amounted to an intention of tort.

▮▮▮ Violation of a statute or ordinance constitutes negligence *per se* only if the injured party is a member of the class such statute or ordinance was designed to protect, and if the injury is of the type sought to be protected against. *Dunbar v. Olivieri,* 97 Colo. 381, 50 P.2d 64 (1935). The purpose of the Colorado Springs' Building Code is generally to protect the public from injuries resulting from substandard or unsafe construction. (Colorado Springs Municipal Code § 16–1–102). And, here, the Iversons' costs expended in bringing the building into compliance, although constituting real and substantial damages, was not basically the type of injury that the building code was designed to prevent or guard against.

That Solsbery's conduct did not constitute negligence *per se* does not, however, resolve the issue of whether Solsbery's conduct was tortious in that she owed a duty to the Iversons when she remodels in such a way as to violate the applicable building code, and whether that duty was breached. To answer that question, we must look to the basic concept of tort law itself.

Torts generally are defined as wrongful acts, not involving breach of contract, which result in damage to another. *See Newt Olson Lumber Co. v. School District No. 8,* 83 Colo. 272, 263 P. 723 (1928). Essentially, tort law enforces the duty of each person not to act in such a fashion as to cause injury to another. Negligence, *per se* or otherwise, is merely a way of proving that such a duty has been breached. *Roessler v. O'Brien,* 119 Colo. 222, 201 P.2d 901 (1949).

▮▮▮ We must here determine whether an owner of real property owes a duty to future owners not to construct or remodel in such a way that the property is in direct violation of the applicable building code, and if so, whether a breach of that duty which results in damage to the violator's successors in interest will give rise to a cause of action. We conclude that such duty, and such cause of action exist.

▮▮▮ The existence and scope of tort duties are questions of law. *Metro Gas Repair Service, Inc. v. Kulik,* Colo., 621 P.2d 313 (1981); *Leppke v. Segura,* Colo.App., 632 P.2d 1057 (1981). The factors to be considered in determining whether the law should impose a duty are the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant. *Turner v. Grier,* 43 Colo.App. 395, 608 P.2d 356 (1979).

▮▮▮ Here, we note that the injury, that is, the cost of corrective or remedial work, is virtually inevitable. It is true that while the identity of a particular plaintiff or person who will suffer damages cannot be determined at the time the ordinance is initially violated, the fact that some future owner of property will suffer damages as a result of defendant's violation of the ordinance is eminently foreseeable.

▮▮▮ Moreover, we find it both reasonable and just that the ultimate consequences which result from violation of the building code should be borne by the person who initially perpetrated that violation. Such logic is persuasive when we examine the analogous situation of the liability imposed on a person who negligently constructs or remodels a home, where that negligence results in physical injury to a subsequent, even though remote, owner. *Wright v. Creative Corp., supra.* The only differences between this case and *Wright* are in the fact that the act which causes the damage,

in the one case, is performed negligently while in the other it is intentional, and in the nature of the damages sustained, in one instance bodily injury, and in the other governmentally compelled expenditures.

We see no reason why the right to recover in tort should be any different here than it was in *Wright.* The damages are just as real. The Iversons were required either to expend the funds necessary to bring the property into compliance with the code or to subject themselves to criminal sanctions or, at the very least, to prohibitions or restrictions, on their use of the property. *Colorado Springs Municipal Code* § 16–1–106. An injured party may recover such damages as are the natural and probable result of the tortious act of another. *McNeill v. Allen*, 35 Colo.App. 317, 534 P.2d 813 (1975).

### III.

Finally, Iversons contend that the trial court erred in granting summary judgment on the issue of fraudulent misrepresentation. We agree with this point as well.

A vendee has a right of action for misrepresentation where a seller fails to disclose a latent defect which materially affects the desirability of the property. *Cohen v. Vivian*, 141 Colo. 443, 349 P.2d 366 (1960). Lack of privity does not insulate a seller from such liability to a remote grantee. *Schnell v. Gustafson, supra.* Because there are material issues of fact relating to whether the nonconforming improvements constituted a defect within the meaning of *Cohen*, the summary judgment of dismissal as to that claim was also improper. *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 143 Colo. 393, 353 P.2d 1098 (1960).

Therefore, since there are two valid alternative legal theories on which the Iversons can recover, the court erred in entering summary judgment for defendant.

The judgments are reversed and the cause is remanded with directions to reinstate the complaint and for trial on the issues raised.

PIERCE and BERMAN, JJ., concur.