**Ralph Roger BERGMAN, Plaintiff,**

v.

**UNITED STATES of America and United States Department of Commerce, Defendants.**

Civ. A. No. 83–A–188.

United States District Court,
D. Colorado.

July 25, 1983.

Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This matter is before the court on the government's motion to dismiss or, in the alternative, for summary judgment.[1] The parties have submitted briefs and the court has heard oral argument. The issues raised are ripe for disposition.

Plaintiff Bergman, a former Department of Commerce employee, filed this pro se complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* He alleges that Department of Commerce employees committed acts and omissions "in violation of their non-discretionary regulatory and statutory mandates." In Count 1, plaintiff alleges that certain employees suppressed information favorable to his appeal of his termination and advised the Assistant Secretary of Commerce that in order to avoid potential embarrassment and liability she should deny Bergman relief to which he was entitled under statutes and regulations. In Count 2, Bergman alleges that Department of Commerce employees committed perjury before the Court of Claims during his unsuccessful suit challenging the legality of his termination and seeking back pay and other benefits. Count 2 further alleges that counsel for the Department "misrepresented to the Court the appropriate regulations in force at the time of the personnel action, submitting instead a prior version."

The first ground asserted by the government in support of its motion is that plaintiff is alleging torts in the nature of libel, slander, misrepresentation, deceit, or inter-ference with contract rights. Section 2680(h) of the FTCA specifically reserves sovereign immunity with respect to suits alleging these torts.

The government's second ground for summary judgment is that plaintiff's claims are governed exclusively by more specific federal statutes, and therefore not cognizable under the FTCA. It contends that as a general rule, when a government employee "sustains a loss or an injury within the course of his employment" for which there is a remedy under another act, such as the Tucker Act or the Federal Employee Compensation Act, the FTCA does not provide a separate cause of action. The government notes that Bergman filed claims pursuant to the Tucker Act and the Back Pay Act in the Court of Claims and pursuant to the Privacy Act in this court, implying that these are the "other statutory remedies for his claimed wrongs."

In support of its motion, the government appended to its brief: 1) Bergman's July 14, 1982 letter to the Department of Commerce demanding compensation for the alleged torts (this is a prerequisite to filing suit under the FTCA); 2) the Department's letter in response; and 3) two opinions filed in Bergman's suit in the Court of Claims.

Plaintiff denies that his action involves claims arising out of libel, slander, misrepresentation, deceit, or interference with contract rights, but he does not specify what his theory of recovery is. In a footnote to his brief opposing the motion, however, he states:

> As to the nature of the tort, see *Newt Olson Lumber Co. v. School Dist. No. 8,* 83 Colo. 272, 263 P. 723 (1928); *Gross v. United States,* 508 F.Supp. 1085 (1981).

These citations imply that Bergman asserts claims under an implied statutory cause of action theory and an intentional infliction of emotional distress theory.

In *Newt Olson Lumber Co., supra,* the plaintiff lumber company supplied materials used in the construction of a school building, the contractor defaulted, and the

---

lumber company sued the school district for its failure to comply with a statute requiring it to obtain a bond from the contractor. The court held that the alleged duty of the school district, not arising by contract, could only have arisen by law; thus the claim sounded in tort. The state being immune from tort claims, judgment in favor of the school district was upheld. The court did not specify what theory of recovery would have applied had the claim not been barred by sovereign immunity. However, the *Newt Olson* opinion is cited for the proposition that when a statute declares rights and establishes a standard of conduct for their protection, any violation of the statute which interferes with the enjoyment of that right may constitute a tort. *E.g., Urban Renewal Agency of Coos Bay v. Lackey,* 275 Or. 35, 549 P.2d 657, 659 (1976); *see also Iverson v. Solsbery,* 641 P.2d 314, 316 (Colo. App.1982). This is a rough statement of the theory of implied statutory causes of action. *See generally* 73 Am.Jur.2d *Statutes* §§ 430–38 (1974); 1 C.J.S. *Actions* § 9 (1936). Section 2680(h) of the FTCA does not specifically address such a claim.

In *Gross v. U.S.,* 508 F.Supp. 1085 (D.S.D. 1981), the government was held liable for intentional infliction of emotional distress for unreasonable administrative actions taken by employees of the Agricultural Stabilization and Conservation Service. Those actions repeatedly prevented a farmer from participating in the Department of Agriculture's Feed Grain Program. The district court was affirmed insofar as it ruled that the intentional infliction claim was not barred by § 2680(h). *Gross v. U.S.,* 676 F.2d 295, 303–04 (8th Cir.1982). (However, the court of appeals vacated the judgment and remanded the case for a determination as to whether the statute of limitations barred the action.)

Plaintiff responds only briefly to the government's assertion that his claims are for "loss or injury within the course of his employment," and are therefore governed by more specific statutes and regulations which provide exclusive remedies. He contends that the injuries were not suffered "in the course of his employment" because the acts of which he complains took place after his termination. Thus, he concludes, the government's argument is inapposite.

In support of his "Motion in Opposition," Bergman appended to his brief several documents, including correspondence among employees of the Department of Commerce. They show that the Assistant Secretary of Commerce wanted to compensate Bergman because she felt his administrative appeal was mishandled. They also show that Department counsel advised her that the only way she could do this would be to make a determination that Bergman's August 1973 termination was unjustified, and that this would open the Department up to many claims by Bergman and others.

At the conclusion of the hearing on June 16, 1983, plaintiff requested permission to file a supplemental brief describing the tort on which his complaint is founded. He informed the court that he had a lawyer acquaintance in Washington, D.C., who would assist him. That supplemental brief has been filed, and the only new matter contained therein is a citation to *Downs v. U.S.,* 522 F.2d 990 (6th Cir.1975). I take the citation to *Downs* as an indication that plaintiff now wishes to rely upon a negligence theory also. As before, plaintiff cannot bring himself to name his theory of recovery, but chooses only to cite an opinion applying it.

*Downs* is a wrongful death case in which plaintiffs alleged that an F.B.I. agent was negligent in his handling of a hijacking incident in which two passengers were killed. To prove that the agent did not exercise the degree of care one would expect of a reasonably prudent F.B.I. agent in the same circumstances, the plaintiffs showed, among other things, that the agent failed to follow well-defined procedures for handling hijackers. The trial court found that the agent was not negligent. The court of appeals reversed on the ground that the trial court's finding was clearly erroneous. The court of appeals relied largely upon the fact of the agent's failure to follow the F.B.I. guidelines, viewing the

violation of guidelines as strong evidence of negligence, but not as negligence per se.

Thus, according to a generous reading of plaintiff's briefs, he has asserted three grounds of recovery: an implied statutory cause of action, negligence, and intentional infliction of emotional distress. Neither party has addressed the legal issues as they relate specifically to these particular grounds of recovery. Proper disposition of the motion, however, requires that each one be considered separately.

■ Bergman's main argument seems to be that Count 1 of his complaint (concerning advice given to the Assistant Secretary of Commerce) alleges a cause of action because any violation of a statute is tortious if it harms him and the statute was enacted for his benefit. Applying the rules of implied causes of action, no action will lie for the violations of statutes and regulations alleged by plaintiff. Those statutes and regulations are federal, therefore federal law, and not Colorado law, applies in determining whether a cause of action is implied. The issue of whether a cause of action can be implied from a federal statute is one of congressional intent. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979). It would be odd for Congress to have intended to create an implied cause of action for an agency's refusal to give a government employee benefits to which he is entitled (or for an individual's advising someone to do this) when Congress has already expressly created a variety of administrative and judicial remedies to cover that problem. "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 97, 101 S.Ct. 1571, 1583–84, 67 L.Ed.2d 750 (1981).

■ To the extent that plaintiff's claims are founded on a theory of negligence, they are barred by the immunity retained under 28 U.S.C. § 2680(h). In *Wine v. U.S.,* 705 F.2d 366 (10th Cir.1983), the Tenth Circuit reaffirmed the rule that a plaintiff may not circumvent the immunity from suit for intentional torts retained by § 2680(h) by merely couching a complaint in terms of negligence. Apparently this is what Bergman seeks to do. Each of his allegations of misconduct asserts a claim (if any) more properly described as an intentional tort than as negligence. Specifically, the alleged suppression of information favorable to Bergman's appeal of his termination would amount to misrepresentation, deceit, libel or slander. The same is true of perjury or an attorney's misrepresentation of the law to the court. The alleged advice given to the Assistant Secretary of Commerce that she should deny Bergman relief to which he was entitled, if actionable at all, would constitute inference with contract rights. This is sufficient reason to dismiss the complaint to the extent it asserts a negligence claim. *See also Ortiz v. U.S.,* 661 F.2d 826, 830 (10th Cir.1981) (misrepresentation exception of § 2680(h) includes false representation of any type, including negligent misrepresentations); *Blanchard v. St. Paul Fire and Marine Insurance Co.,* 341 F.2d 351, 358–59 (5th Cir.1965) (claims based upon alleged failure to perform implied or express contractual obligations are not deemed "tort" claims for purposes of division between FTCA and Tucker Act jurisdiction, even if the failure is characterized as negligence), *cert. denied,* 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73.

Although the *Wine* opinion's analysis disposes of Bergman's claim for negligence, it arguably does not dispose of his claim for intentional infliction of emotional distress. Some courts have held that suits under this theory are not precluded by § 2680(h). *See Gross v. U.S.,* 676 F.2d 295, 304 (8th Cir. 1982) and cases cited therein. Our circuit has not ruled on this issue.

■ In any event, plaintiff's allegations and documentary evidence do not make out a claim of intentional infliction. In Colorado, that cause of action requires that the defendant's conduct be "outrageous," i.e., "so extreme in degree as to go beyond all

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trimble v. Denver*, 645 P.2d 279, 282 (Colo.App.1981). This is a different definition of intentional infliction than that applied in *Gross.* The *Gross* court applied South Dakota law, under which the elements are simply "that the act is intentional, that it is unreasonable, and that the actor should recognize it is likely to result in illness." 508 F.Supp. at 1091. And "where the act is willful or malicious, as distinguished from being merely negligent, recovery may be had for mental pain, though no physical injury results." *Id.* The plaintiff in *Gross* would not have met the more stringent Colorado standard for intentional infliction.

I find that there is no genuine issue as to any material fact, and for the reasons stated above, the government is entitled to judgment as a matter of law. It is therefore unnecessary to consider the government's additional argument that plaintiff's claims under the Federal Tort Claims Act are pre-empted by the remedies provided in more specific acts of Congress.[2] Accordingly, it is

ORDERED that judgment shall be entered in favor of the government, dismissing this action with prejudice.

---

**2.** One other issue has been raised but will not be decided here. At the hearing on June 16, 1983, I allowed plaintiff ten days in which to file a supplemental memorandum of law, and allowed the government an equal amount of time in which to respond. Those documents were filed on June 24, 1983, and July 8, 1983, respectively. Plaintiff then moved the court to disregard the government's response as having been untimely filed. A minute order granting that motion was entered on July 12, 1983. The government asserts that this ruling was in error. However, in view of the fact that my ruling on the merits is in favor of the government, and the fact that the government's response contributes no new material to the controversy, I decline to review the propriety of the minute order.