**RAYNOR DOOR, INC., a Colorado corporation, Plaintiff–Appellant and Cross–Appellee,**

v.

**Alan N. CHARNES, Executive Director of the Department of Revenue, in his official capacity; the Department of Revenue of the State of Colorado; and the State of Colorado, Defendants–Appellees and Cross–Appellants.**

**No. 87CA0306.**

Colorado Court of Appeals, Div. I.

Oct. 6, 1988.

Rehearing Denied Oct. 27, 1988.

Waller, Mark & Allen, P.C., Kevin D. Allen, Denver, for plaintiff-appellant and cross-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees and cross-appellants.

PIERCE, Judge.

Plaintiff, Raynor Door, Inc. (Raynor), appeals the trial court's judgment finding it liable for sales taxes on garage doors it installs. We reverse.

Raynor furnishes and replaces special order garage doors. The parts of the doors are transported to the job site where they

are assembled and installed by Raynor's employees. Raynor paid the use tax on the acquisition cost of materials and supplies but did not collect sales taxes on its new commercial or residential contract installations.

The Department of Revenue (Department) determined that Raynor owed sales taxes on the purchase price paid by all of Raynor's customers. Raynor sought judicial review of that determination and the trial court agreed with the Department.

The trial court found that once Raynor completed the installation of a garage door the door loses its identity and becomes an integral and inseparable part of the realty. It further found that it is intended that the garage doors are to become permanently affixed to the premises upon their installation and that if properly maintained the garage doors will last the life of the premises.

The trial court concluded that because Raynor "purchases the components which make up the garage doors from someone else and stores them in its own warehouse, and then installs them into the property of another ...," they are sales subject to sales tax.

■ Raynor contends that the trial court erred. We agree because the trial court's findings, which are supported by the evidence, require the conclusion that garage doors are not tangible personal property subject to the state sales taxes.

Section 39–26–104, C.R.S. (1986 Repl.Vol. 16B) provides that a sales tax shall be collected "[o]n the purchase price paid or charged upon all sales and purchases of tangible personal property at retail...."

Tangible personal property is defined under Department of Revenue Regulation 26–102.14, 1 Code Colo.Reg. 201–4, and does not include "personal property that loses its identity when it becomes an integral and inseparable part of the realty, unremovable without damage to the premises...."

Thus, under the trial court's findings, the garage doors are not tangible personal property and are not subject to a sales tax under § 39–26–104. Where, as here, the facts are not disputed, but the law was erroneously applied to the facts, the judgment rendered on such facts will not be upheld on review. *Maloney v. Denver*, 35 Colo.App. 167, 530 P.2d 1004 (1974).

■ Nor do we find any merit to the Department's contention that its special regulation for contractors applies to Raynor. That regulation provides:

"An over-the-counter sales [sic] of a complete unit not made to order, with an agreement for installation of the unit is not a building contract. This rule includes sales of stoves, refrigerators, furnaces, air conditioners, washing machines, dryers, carpets, electrical fixtures, ready-made cabinets, storm doors, storm windows, screens, sod, and similar items. On such sales the sales tax must be collected from the purchaser by the retailer-contractor...." Department of Revenue Regulation for Contractors No. 1 Code Colo.Reg. 201–5.

Here, the trial court found that Raynor furnishes or replaces "special order" garage doors. It further found that all of the garage doors which Raynor furnishes and installs result from Raynor placing an order for the particular door model and style determined by reference to plans, specifications, and shop drawings. Raynor's doors are, therefore, "made to order" and do not fall within the Department's special regulation for contractors.

There is no merit to the cross-appeal in which defendants contend that the trial court erred when it reversed its award of attorney's fees.

The judgment is reversed and the cause is remanded with directions to enter judgment for Raynor.

STERNBERG and REED, JJ., concur.