Vernon ESTES, Petitioner–Appellant,

v.

The COLORADO STATE BOARD OF AS-
SESSMENT APPEALS and the Custer
County Board of Equalization, Respon-
dents–Appellees.

No. 89CA1294.

Colorado Court of Appeals,
Div. V.

Nov. 23, 1990.

Rehearing Denied Dec. 27, 1990.

Rhett K. Dacus, P.C., Rhett K. Dacus, Aurora, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for respondent-appellee The Colorado State Bd. of Assessment Appeals.

Naylor & Geisel, P.C., John R. Naylor, County Atty., Pueblo, for respondent-appellee The Custer County Bd. of Equalization.

Opinion by Judge HUME.

Plaintiff, Vernon Estes, appeals the order of the Colorado State Board of Assessment Appeals (Board) determining that plaintiff's land was not used as a "ranch" within the meaning of § 39–1–102(13.5), C.R.S. (1990 Cum.Supp.) for the 1988 tax year and, thus, was not "agricultural land" for the purposes of assessment. We reverse and remand with directions.

The pertinent facts have generally been stipulated and are not in dispute. In 1972, plaintiff bought a 344–acre parcel of land which he leased to dairy and beef cattle owners for the purpose of livestock grazing during each year until 1983.

In 1983, plaintiff filed a plat which divided the land into nine separate tracts, each of which contained more than 35 acres. Three of the tracts were sold in 1983. A fourth was also sold in 1984, but it was later reacquired by plaintiff.

After the three tracts were sold in 1983, plaintiff continued to lease the remaining six tracts, containing approximately 225 acres, to dairy and beef cattle owners for grazing use during tax years 1984, 1986, 1987, and 1988. In 1985 he allowed the land to remain idle for conservation purposes. No improvements have been erected upon the land in question, and, although it has been platted, no attempt has been made physically to partition the 225 acres by fencing. It remains open grass meadowland and has been used for no purpose other than livestock grazing since 1972, despite plaintiff's acknowledgement that the tracts have been listed for sale from time to time since 1983, and that he hopes and intends that they will ultimately be sold for profit.

The Board found that plaintiff made "only a minimal profit by leasing out his land for grazing." It then concluded that plaintiff's "primary purpose is to offer and

sell the subject property for a monetary profit."

Plaintiff contends that the actual surface use of property is the determining factor for purposes of classification as "agricultural land" and that the owner's intentions for its ultimate disposition are irrelevant. We agree.

Section 39–1–102(13.5), provides that " 'ranch' means a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit...." There is no requirement in the statute that the property *owner* be the one who grazes livestock on the parcel for the primary purpose of making a profit or that the owner's leasing activity be conducted for profit to the owner. Rather, the statute requires only that the land actually be used for grazing livestock, which, in turn, must be done for the primary purpose of obtaining a profit from the grazing activity.

The record here reflects that plaintiff leased the subject property to dairy and beef cattle owners for grazing their livestock. In addition, several of the lessees testified that they were grazing cattle on plaintiff's land for the sole purpose of obtaining a monetary profit from that activity. The lessees' motivation or purpose for their grazing activities is not disputed.

If, as here, the facts are not disputed, but the law was erroneously applied to the facts, the order will not be upheld on review. *See Raynor Door, Inc. v. Charnes*, 765 P.2d 650 (Colo.App.1988).

The order is reversed, and the cause is remanded with directions to enter an order classifying plaintiff's land as a "ranch" and thus "agricultural land" for the purposes of tax assessment for the 1988 tax year.

JONES and REED, JJ., concur.